GOODELL, COLLECTOR OF INTERNAL REVENUE, *v.* KOCH.

No. 106. Argued October 22, 1930.—Decided November 24, 1930.

*Solicitor General Thacher*, with whom *Assistant Attorney General Youngquist, Mr. Sewall Key, Miss Helen R. Carloss*, Special Assistants to the Attorney General, *Mr. Erwin N. Griswold*, and *Messrs. Clarence M. Charest*,

General Counsel, and *T. H. Lewis, Jr.,* Special Attorney, Bureau of Internal Revenue, were on the brief, for Goodell, Collector of Internal Revenue.

*Messrs. Clifton Mathews* and *Rhodes S. Baker* argued the cause, and *Messrs. Samuel L. Pattee, James R. Moore, Blaine B. Shimmel,* and *K. Berry Peterson,* Attorney General of Arizona, were on the brief, for Koch.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This cause presents the same question as respects the return for taxation of community income of a husband and wife, citizens of Arizona, as was presented in *Poe* v. *Seaborn, ante,* p. 101, affecting spouses who are citizens of the State of Washington.

Here Koch and his wife filed separate returns for 1927 each returning one-half of the community income; the Commissioner of Internal Revenue assessed a deficiency on the theory that Koch alone should have returned the entire income; Koch paid under protest, and brought suit against the Collector in the District Court to recover the sum so paid. The Collector demurred. Judgment went for plaintiff. The Collector appealed to the Circuit Court of Appeals, which certified questions to us. This Court ordered the entire record sent up.

What we said in *Poe* v. *Seaborn, supra,* applies here, if under the law of Arizona, the wife's interest in community property is, in legal effect, the same as in Washington.

The collector asserts that the Arizona law of community property closely resembles that of California (cf. *U. S.* v. *Robbins,* 269 U. S. 315); but concedes that in many respects its provisions are similar to those of the law of Washington.

We have examined the statutes* and authorities cited, and have concluded that they present no significant differences from the Washington system. In *La Tourette* v. *La Tourette,* 15 Ariz. 200, 205, it was said: " The law makes no distinction between the husband and wife in respect to the right each has in the community property. It gives the husband no higher or better title than it gives the wife. It recognizes a marital community wherein both are equal." As in Washington, each spouse has unlimited testamentary power over his or her interest in the community, and upon failure to exercise it, such interest passes to the descendants of the decedent.

The Arizona Supreme Court has likened the community to a partnership. *Forsythe* v. *Paschal,* 34 Ariz. 380. The husband as agent may not act in fraud of his wife's rights, and if he atempts to do so, she has a remedy in the courts. *Gristy* v. *Hudgens,* 23 Ariz. 339.

Enough has been said to show 'that our conclusion in *Poe* v. *Seaborn, supra,* holds here, and that the wife has such equal interest in community income as to entitle her to treat one-half thereof as her income, and file a separate return therefor under sections 210 (a) and 211 (a) of the Revenue Act of 1926.

Perhaps we ought also to note that what is said in *Poe* v. *Seaborn* with respect to executive construction and legislative history applies in this case.

---

* The applicable provisions (cited from the Revised Statutes of 1913 which were in force in 1927) are: Title 6, §§ 403–405, 865–869, 1102; Title 8, §§ 2058–2062; Title 32, §§ 3848–3856, 3865–3869, 3881–3886; Act of February 10, 1921, Ariz. Session Laws, Regular, p. 6; Act of March 17, 1919, Arizona Session Laws, Regular, p. 98.

For the reasons above given, and more fully stated in the opinion in *Poe* v. *Seaborn,* the judgment of the District Court is

*Affirmed.*

The CHIEF JUSTICE and MR. JUSTICE STONE took no part in the consideration or decision of this case.