FRANCES C. BROOKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99708. Promulgated March 11, 1941.

*Lester Whitmore, Esq.*, for the petitioner.
*Edward C. Adams, Esq.*, for the respondent.

862

OPINION.

Hill: We are called on here to say, viewing the evidence which has been presented to us, whether petitioner must report as her income one-half of the fees and salaries received by her husband during the taxable years. The answer to this question depends on whether we are able to make out a definite, binding agreement between petitioner and Brooks which set apart as the latter's separate property his director's fees and salaries. The effect of such an agreement, if proof of it is made, is to make separate income of what is otherwise community property. *State ex rel. Van Moss v. Sailors*, 180 Wash. 269; 39 Pac. (2d) 397; *Helvering v. Hickman*, 70 Fed. (2d) 985; so much is agreed. Without such a contract earnings from personal services are community property and must be reported one-half by each spouse for income taxation. Sec. 6892, Washington Revised Statutes (Remington, 1932); *Poe v. Sanborn*, 282 U. S. 101; *Goodell v. Koch*, 282 U. S. 118; *Graham v. Commissioner*, 95 Fed. (2d) 174, 175.

The evidence before us we deem insufficient to show a definite agreement between petitioner and her husband affecting the earnings of Brooks arising from personal services. Proof is made only that petitioner's husband, at the time of the agreement, stated that they "did

not have to file community property returns" and it was thereupon agreed that "each would keep his own income and each file their own separate returns." The meaning of these statements, taking all of the testimony into account, is not plain. It appears that Brooks had largely in mind the mere mechanics of reporting the income, whether by joint or separate return, which does not affect the character of the income. Prior thereto it is stated and emphasized that petitioner and Brooks made joint returns and, thereafter, utilized separate returns. If it be assumed, however, that in the statements of the parties may be found contemplation that the character of the income was altered, we are yet unable to make out an agreement which reaches the conclusion argued by the petitioner. The contract so far as disclosed does not in itself purport to alter the nature of the income. This was thought by Brooks to be done by operation of law, both of Washington and of the Federal Government. Evidence of this is found in the affidavits filed with reference to these deficiencies in which it was stated by petitioner that it was her contention that under *Poe* v. *Sanborn*, *supra*, the taxpayer has a right to either divide his earned income with his wife or report it entirely in his own return, with or without an agreement to that effect. This position is reiterated in the petition in this proceeding. The agreement here involved, therefore, appears to be no more than an understanding of the parties that, in view of their conception of the law giving a freely exercisable option, each should report his or her income separately. The contract thus can not stand alone when deprived of the support of the law and can have no effect on the nature of the income here in question.

Petitioner's efforts to make clearer the meaning of the contract here involved through proof of petitioner's method of listing Brooks' estate on inventory can not, we think, avail her here. No question is made that Brooks' securities were his separate property. The bank deposits alone appear significant and even these lose their significance when no proof is made of their source, whether or not arising from personal services.

The whole evidence adduced is insufficient to justify our sustaining petitioner's contentions for an agreement altering the community nature of Brooks' earnings during the taxable years. Accordingly, respondent's position must be sustained.

Petitioner's requests for credits for personal exemption and for dependents appear from the deficiency notice here involved to have been taken into account by respondent in computing the additional tax due. In the absence of more specific criticism or facts on which to base such a criticism of respondent's computations, these contentions of petitioner must also be passed over.

*Decision will be entered for respondent.*