José G. Ramírez Mas, peticionario, *v.* Tribunal Superior de Puerto Rico, Sala de San Juan, Hon. Jaime Frank Paganacci, Juez, demandado; Secretario de Hacienda, interventor.

Número: O-67-122      Resuelto: 15 de noviembre de 1967

*Genovevo Meléndez Carrucini,* abogado del peticionario; *J. B. Fernández Badillo, Procurador General,* y *Lolita Miranda, Procuradora General Auxiliar,* abogados del interventor.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

El Secretario de Hacienda notificó deficiencias al contribuyente José G. Ramírez Mas después de verificar un examen de las declaraciones de ingresos rendidas por éste para los años 1958, 1959 y 1960. Inconforme con la resolución administrativa, Ramírez recurrió al Tribunal Superior e

instó querella en la cual específicamente alegó que las deficiencias obedecían a que el Secretario rechazó su actuación al presentar planillas separadas de las de su esposa de quien vivía separado durante los años contributivos indicados. [1] En la contestación el Secretario adujo que "en ningún momento . . . ha rechazado o negado al demandante el derecho a radicar planilla separada de la de su esposa", y añadió que " (l) as deficiencias en este caso surgen al no aceptar el demandado la forma . . . en que el demandante prorrateó o distribuyó los ingresos recibidos [por los miembros de la sociedad de gananciales] al rendir las planillas separadas de él y de su esposa . . .".

Subsiguientemente el demandante requirió al Secretario para que admitiera que la controversia entre las partes se reducía a determinar si los cónyuges que viven separados pueden declarar cada uno en sus planillas individuales la mitad de los ingresos de la sociedad de gananciales entre ellos constituida, en este caso específicamente, sueldos percibidos por el marido y la mujer, dividendos de acciones que figuran a sus nombres respectivos y rentas producidas por activos del acervo conyugal. A este requerimiento contestó el demandado aceptándolo, pero aclarando que la cuestión a determinar es si conforme a la ley los cónyuges que viven separados deben radicar planillas separadas en las cuales incluyan los ingresos realmente recibidos por cada uno de ellos, o si meramente basta con dividir por mitad el ingreso total recibido por la sociedad de gananciales y así informarlo

---

[1] Sec. 51(a)(1) de la Ley de Contribuciones sobre Ingresos de 1954, 13 L.P.R.A. sec. 3051(a)(1), equivalente a la sec. 24(a)(1) de la Ley de Contribuciones sobre Ingresos de 1925; véase, *Méndez v. Sec. de Hacienda*, 77 D.P.R. 84 (1954). Véase, por la pertinencia que pueda tener, la sec. 22(k) de la Ley de Contribuciones sobre Ingresos, 13 L.P.R.A. sec. 3022(k), relativa al ingreso por concepto de pensiones alimenticias satisfechas por el esposo a su cónyuge en virtud de "sentencia de sostenimiento separado."

en las planillas individuales, irrespectivamente de la cantidad personalmente recibida y disfrutada. (²)

También el demandante notificó interrogatorios entre los cuales se encuentra el siguiente: "2. Suministre a la parte demandante copia del informe de la investigación del inspector para los años en controversia incluyéndose en dicho informe la carta o memorándum de introducción del mismo, así como cualquier declaración que se haya tomado a cualquier parte o persona durante el trámite administrativo del caso." El demandado formuló objeciones a este interrogatorio por el fundamento de tratarse de materia privilegiada y confidencial. (³) Se allanó, sin embargo, a mostrar las declaraciones prestadas al inspector por el contribuyente y su

---

(²) En relación con este interesante problema, véanse, Mertens, *Law of Federal Income Taxation*, vol. 3, § 19.01 *et seq.*; los casos normales de *United States* v. *Robbins*, 269 U.S. 315 (1926) y *Poe* v. *Seaborn*, 282 U.S. 101 (1930); véanse además, *Goodwell* v. *Kock*, 282 U.S. 118 (1930); *Hopkins* v. *Bacon*, 282 U.S. 122 (1930); *Bender* v. *Pfaff*, 282 U.S. 127 (1930); *United States* v. *Malcolm*, 282 U.S. 792 (1930); *The Tax Nationalization of Community Property*, 26 Taxes 14 (1948); *Federal Taxation of Community Property*, 34 Calif. L. Rev. 398–401 (1946); *Husband and Wife under the Income Tax*, 5 Brooklyn L. Rev. 241 (1936); *Taxing the Income of the Husband and Wife*, 13 Taxes 198 (1935); *Federal Taxation of Community Property*, 12 Texas L. Rev. 273 (1934); *The Taxation of Family Income*, 41 Yale L.J. 1172 (1932); *The Modern Problem of the Nature of the Wife's Interest in Community Property—A Comparative Story*, 19 Calif. L. Rev. 568 (1931).

Para evitar la diferencia en tratamiento que resultaba en una obvia ventaja para los ciudadanos de los estados en los cuales rige el régimen económico de la sociedad legal de gananciales y detener el movimiento de aquellos que comenzaron a abandonar por legislación el concepto clásico de la propiedad separada del derecho común consuetudinario, en 1948 se enmendó la ley federal y se incorporaron disposiciones para permitir la distribución de los ingresos entre ambos cónyuges. Véase, 26 U.S.C.A. §§ 3 y 4(c).

(³) La Regla 30 admite que mediante interrogatorios se requiera a la parte interrogada que una a sus contestaciones copias de escritos, libros, cuentas, etc. que sean pertinentes a las respuestas, "que no sean de carácter privilegiado." Sobre el alcance de lo que constituye materia privilegiada, véanse, *Sierra* v. *Tribunal Superior*, 81 D.P.R. 554 (1959), y en general, 4 Moore, *Federal Practice*, sec. 26.25; cf. *When can records be withheld during tax investigations?*, 17 J. Tax 174 (1962), en relación

esposa en el curso de la investigación. Después de oir a las partes el tribunal de instancia ordenó al demandante que "modifique la pregunta . . . a fin de que particularice la información que interesa del informe de investigación." En una moción de reconsideración presentada el demandante indicó que su propósito al solicitar el informe era descubrir prueba que le permitiera preparar adecuadamente su caso antes del juicio y afirmó que no estaba en condiciones de especificar la información interesada porque desconocía el contenido del informe.

Expedimos auto de *certiorari* para revisar la actuación del Tribunal Superior al negarse a ordenar al Secretario de Hacienda que suministrara copia del informe de la investigación practicada por el inspector. Procede su anulación.

Un examen cuidadoso de los autos originales elevados en cumplimiento del mandamiento expedido demuestra que no es ésta la situación apropiada para determinar si el reparo de privilegio es oponible a una solicitud para que se incluya copia del informe de investigación de un inspector de contribución sobre ingresos. De la reseña que precedentemente se ha hecho aparece que la controversia entre las partes se reduce a una cuestión de derecho escueta y que ya los autos contienen todos los elementos de hecho necesarios para dilucidarla. El contribuyente sostiene que tiene un derecho incuestionable a dividir por mitad los ingresos de la sociedad de gananciales y declararlos en dos planillas separadas, una a su nombre y la otra a nombre de su esposa, tal cual lo venía haciendo desde 1955, según práctica aceptada tras investigaciones hasta el primer año contributivo a que se refiere este pleito. El Secretario de Hacienda no impugna el monto total declarado como el ingreso de la sociedad; objeta su distribución y sostiene que debe atribuírsele todo al marido excepto

con la Sec. 19 de la Ley Núm. 293 de 15 de mayo de 1945, 20 L.P.R.A. sec. 790, que establece el privilegio de las comunicaciones entre el contador público autorizado y su cliente.

aquellas cantidades real y efectivamente recibidas por la señora Ramírez. Para esos propósitos, en ausencia de una relación de las cantidades retiradas por ellos de la empresa común conocida como Clubman, Inc.—información que específicamente solicitó por interrogatorio que se encuentra pendiente de contestación—hizo un estimado a base de la información suministrada por el propio contribuyente y su esposa. (⁴)

De prevalecer el demandante toda controversia de hecho es inmaterial; de prevalecer el demandado, cuya actuación al atribuir los ingresos de la esposa del demandante se basa en un estimado, todo cuanto corresponde al contribuyente es demostrar que tal estimado no se ajusta a la realidad. A este respecto, de ninguna utilidad sería el informe solicitado, ya que como hemos indicado la actuación administrativa se fundó en la información suministrada por los esposos Ramírez, cuyas declaraciones han sido puestas a disposición del demandante para ser examinadas o copiadas.

*Se anulará el auto expedido y se devolverá el caso al Tribunal Superior, Sala de San Juan, para la continuación de los procedimientos.*

---

(⁴) En contestación a un interrogatorio sometido por el demandante, el Secretario así lo informó, desglosando los "ingresos efectivamente recibidos por la esposa del demandante" para cubrir atenciones tales como comida, ropa, gastos de educación, renta y otros gastos personales.