REUBEN H. BABCOCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Babcock v. Commissioner
Docket No. 11488-77.
United States Tax Court
T.C. Memo 1979-372; 1979 Tax Ct. Memo LEXIS 152; 39 T.C.M. (CCH) 139; T.C.M. (RIA) 79372; September 12, 1979, Filed Reuben H. Babcock, pro se. Thomas N. Thompson, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency in petitioner's income tax for 1971 of $821, plus an addition to the tax for fraud under section 6653(b) [1] of § 410. In his amended answer, respondent conceded the fraud penalty but asserted that petitioner is liable for additions to the tax for delinquent filing under section 6651(a) and for negligence under section 6653(a). The issues for decision are: 1. The amount of net farm income earned by petitioner and his wife in 1971, half of which is taxable to petitioner as community income. 2. Whether petitioner is subject to self-employment tax on this net farm income earned in 1971. 3. Whether petitioner is entitled to various itemized deductions in 1971. 4. Whether petitioner is liable for an addition to the tax for delinquent filing of his tax return. 5. Whether *154 any part of petitioner's underpayment of tax in 1971 was due to negligence. FINDINGS OF FACT At the time he filed his petition, petitioner was a resident of Moore, Idaho. Petitioner is a farmer. In 1971 he was married and a resident of Idaho.In that year he had total farm receipts of $14,221.22. He incurred farming expenses totaling $8,908.58 in 1971. Petitioner filed a "tax protestor return" for 1971. On the document filed by petitioner as his income tax return, he listed only his and his wife's names, their social security numbers, their address and the names of their children. Petitioner's name was printed at the bottom of the form, and the declaration under penalties of perjury was crossed out. Petitioner attached a statement to this "return": "If you have any questions please read the U.S. Constitution.c [2]
In his notice of deficiency, respondent determined that petitioner had total farm receipts of $14,221.22 and farming expenses of $5,983.94 in 1971. Respondent determined that petitioner's *155 net farming income ($8,237.28) was community income, half of which was taxable to petitioner. Respondent further determined that petitioner was liable for self-employment tax on the total net farm income. Respondent also allowed petitioner the standard deduction in 1971. Additionally, respondent determined that all or part of petitioner's underpayment of tax in 1971 was due to fraud. In his amended answer, respondent conceded the fraud penalty, but respondent asserted that petitioner is subject to additions to the tax under section 6651(a) for delinquent filing of his return and under section 6653(a) for negligence. OPINION The first issue is the amount of the net farm income earned by petitioner and his wife in 1971, half of which is taxable to petitioner as community income. Specifically, we must consider the amount of petitioner's gross farm receipts and farm expenses in that year. Respondent determined that petitioner had total farm receipts of $14,221.22 and farming expenses of $5,983.94 in 1971. Respondent's determination is presumptively correct, and petitioner bears the burden of proving respondent's determination wrong. Welch v. Helvering,290 U.S. 111 (1933); *156 Rule 142(a), Tax Court Rules of Practice and Procedure.
With respect to respondent's determination of petitioner's farm income in 1971, petitioner did not present any specific evidence contradicting this determination. Petitioner asserted at trial that he had a notebook in which he maintained records of his income, but he was unable or unwilling to produce this notebook. On the other hand, respondent supported his determination with the bank records of petitioner's deposits during 1971. We conclude that petitioner has failed to carry his burden of proof; accordingly, we sustain respondent's determination of petitioner's gross farm receipts.
As to petitioner's farming expenses, after trial petitioner submitted receipts for farming expenses incurred in 1971 totaling $8,908.58. On brief respondent conceded that petitioner was entitled to deduct farming expenses in this amount. However, petitioner presented no evidence other than his unsubstantiated testimony of any farming expenses in excess of the amount of these receipts. Petitioner failed to present any records of his expenses other than these receipts, and the other expenses which he claimed in his petition were mere estimates. *157 Such unsubstantiated estimates of his farm expenses do not satisfay his burden of proof. Accordingly, we conclude that petitioner had total farming expenses of $8,908.58 in 1971. Subtracting petitioner's farming expenses from his gross receipts, we hold that petitioner had net farm income of $5,312.64 in 1971. Petitioner was married throughout that year. Under section 32-906, General Laws of Idaho (1963), property acquired after marriage is, generally, community property. There is a rebuttable presumption that any asset acquired during marriage is community property. Guy v. Guy,98 Idaho 205, 560 P. 2d 876 (1977). Respondent does not contend that it was separate property. In this case, no evidence was presented that any portion of petitioner's net farm income was not community property. Accordingly, half of his net farm income in 1971 is taxable to petitioner. Hopkins v. Bacon,282 U.S. 122 (1930); Goodell v. Koch,282 U.S. 118 (1930); Poe v. Seaborn,282 U.S. 101 (1930). The next issue is whether petitioner is subject to self-employment tax on the net farm income earned in 1971.Section 1401 imposes a self-employment *158 tax on an individual's self-employment income. In relevant part, section 1402(a) provides that an individual's "net earnings from selfemployment" is the gross income derived by the individual from the trade or business, less the deductions attributable to such trade or business. However, with respect to the income from a trade or business in a community property state, section 1402(a)(5)(A) provides: (5) if-- (A) any of the income derived from a trade or business (other than a trade or business carried on by a partnership) is community incme under community property laws applicable to such income, all of the gross income and deductions attributable to such trade or business shall be treated as the gross income and deductions of the husband unless the wife exercises substantially all of the management and control of such trade or business, in which case all of such gross income and deductons shall be treated as the gross income and deductions of the wife; * * * In this case, petitioner presented neither evidence nor argument disputing respondent's determination that he was subject to self-employment tax for the entire amount of the net farm income earned by himself and his wife *159 in 1971. Specifically, petitioner did not produce any evidence which showed that his wife exercised substantially all of the management and control of their farming business. Accordingly, we conclude that petitioner has failed to carry his burden of proof, Rule 142(a), Tax Court Rules of Practice and Procedure, and we sustain respondent's determination that petitioner is subject to selfemployment tax on the net farm earnings for 1971. The next issue is whether petitioner is entitled to various itemized deductions in 1971. In his petition, petitioner contended that he was entitled to deductions for medical and charitable expenses totaling $743.82 in that year. However, he presented no specific evidence substantiating this claim at trial. Rather, petitioner presented only generalized oral testimony, which we found unpersuasive. In the statutory notice, respondent allowed petitioner the standard deduction. Since petitioner has failed to prove that he was entitled to other deductions, we sustain respondent's determination. The next issue is whether petitioner is subject to the delinquency penalty under section 6651(a). Under section 6651(a)(1), if a taxpayer fails to file *160 a return an addition to the tax not exceeding 25 percent of the amount required to be shown on the return is imposed, unless such failure to file is due to reasonable cause and not due to wilful neglect. Since respondent raised this issue in his amended answer, respondent bears the burden of proof on this issue.Rule 142(a), Tax Court Rules of Practice and Procedure.
The document filed by petitioner as his 1971 income tax return was not a proper return. The document provides no information from which petitioner's income and expenses can be computed; the declarations under penalty of perjury were crossed out. We conclude that petitioner failed to file a return in 1971. Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F. 2d 1207 (3d Cir. 1977). Moreover, it is clear from the face of this "tax protestor return" that petitioner's failure to file a valid return was due to wilful neglect.Accordingly, we hold that respondent has carried his burden of proof on this issue; petitioner is subject to the addition to tax provided in section 6651(a) for delinquent filing. The final issue is whether all or any part of petitioner's underpayment of tax was due *161 to negligence. Section 6653(a) provides for an addition to tax of 5 percent of the "underpayment" where any part of such underpyment is due to negligence or intentional disregard of rules and negulations. Since respondent raised this issue in his amended answer, respondent bears the burden of proving petitioner's negligence.Rule 142(a), Tax Court Rules of Practice and Procedure.
We conclude that respondent has satisfied his burden of proof. Petitioner failed to file a return and, more importantly, he failed to maintain the books and records necessary to substantiate the deductions he claimed in his petition. Petitioner also exhibited awareness of the tax laws both in his petition and at trial. This evidence convinces us that petitioner's underpayment of tax in 1971 was due, at least, to negligence. Accordingly, petitioner is subject to the addition to tax provided in section 6653(a). Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. In contrast, in his petition to this Court, petitioner alleged the amount of his income ($11,652.22), farming expenses ($7,910), and other itemized deductions ($743.82).↩