William H. and Avilda L. EDWARDS, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. CA 81-7353, CA 81-7354.

United States Court of Appeals, Ninth Circuit.

Submitted May 3, 1982.

Decided July 7, 1982.

Rehearing Denied Sept. 22, 1982.

Avilda L. Edwards, pro se.

John F. Murray, Michael L. Paup, Carlton D. Powell, R. Russell Mather, Dept. of Justice, Washington, D. C., for respondent-appellee.

Before ANDERSON, SKOPIL and CANBY, Circuit Judges.

## PER CURIAM:

William and Avilda Edwards appeal from the Tax Court's dismissal of their petition for a redetermination of deficiencies asserted against them by the Commissioner. We affirm in all respects.

## FACTS

Appellants are the former owners of an auto repair business in Arizona. Neither of them reported any income from this business for the years 1971–1976. In each of these years, Mr. Edwards filed "protest type" returns in which he claimed the fifth amendment on most relevant line entries. Mrs. Edwards filed no returns from 1971–1975. In 1976, she filed a return in which she reported a small amount of wages from employment unrelated to the auto repair business. In April 1979, the Commissioner filed a Notice of Deficiency and assessed penalties. Appellants petitioned the Tax Court for a redetermination of the deficiencies, but refused to produce the books and records of the auto repair business. The Tax Court dismissed the case for failure to prosecute and sustained the deficiencies. Appellants raise four contentions on appeal: (1) the statute of limitations bars collection of the deficiencies; (2) the dismissal of their petition for failure to produce records violates their constitutional rights; (3) use of the Consumer Price Index to calculate increases in their income was arbitrary; and (4) Mrs. Edwards cannot be held liable for the deficiencies because she did not participate in the family business. Each of these contentions is without merit.

## STATUTE OF LIMITATIONS

Normally, taxes must be assessed within three years after a return is filed. I.R.C. § 6501(a). Where no return is filed, however, the tax may be assessed at any time. *Id.* § 6501(c)(3).[1] Tax forms that do not contain information upon which tax lia-

---

1. Clearly no statute of limitations applies to Mrs. Edwards for those years in which she filed no returns at all. We do not need to decide whether her 1976 filing was a proper return because the Commissioner filed a Notice of Deficiency within three years.

bility may be computed are not returns within the meaning of the Internal Revenue Code. *United States v. Klee,* 494 F.2d 394, 397 (9th Cir.), *cert. denied,* 419 U.S. 835, 95 S.Ct. 62, 42 L.Ed.2d 61 (1974). *Accord, United States v. Francisco,* 614 F.2d 617, 618 (8th Cir.), *cert. denied,* 446 U.S. 922, 100 S.Ct. 1861, 64 L.Ed.2d 278 (1980); *United States v. Johnson,* 577 F.2d 1304, 1311 (5th Cir. 1978); *United States v. Silkman,* 543 F.2d 1218, 1219 (8th Cir. 1976), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1980); *United States v. Jordan,* 508 F.2d 750, 752 (7th Cir.), *cert. denied,* 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62 (1975); *United States v. Porth,* 426 F.2d 519, 523 (10th Cir.) *cert. denied,* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970). The "protest type" returns filed by Mr. Edwards are simply not valid returns and do not activate the statute of limitations.

## CONSTITUTIONAL OBJECTIONS

■ Appellants claim that dismissal of their petition for failure to produce records violates their fifth amendment privilege against self-incrimination. To invoke the fifth amendment privilege, the taxpayer must be faced with substantial hazards of self-incrimination that are real and appreciable, and must have reasonable cause to apprehend such danger. *United States v. Neff,* 615 F.2d 1235, 1239 (9th Cir.), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980). Appellants steadfastly assert that they have engaged in no criminal activity relating to their auto repair business, nor is any criminal investigation pending. Their fifth amendment claim merely rests on a generalized fear that if forced to turn over their business records, they somehow would be more likely to have criminal charges brought against them for tax evasion. Because there is no indication that production of their records would reveal criminal activity in their auto repair business and because the fifth amendment privilege may not itself be used as a method of evading payment of lawful taxes, *United States v. Carlson,* 617 F.2d 518, 523 (9th Cir.) *cert. denied,* 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 468 (1980), we reject appellants' fifth amendment claim as frivolous.

■ Appellants' fourth amendment claim is without foundation and utterly devoid of merit. Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search or seizure.

To the extent that appellants' rather inartfully drafted briefs may be read to claim that the income tax, the Internal Revenue Code, or statutes establishing the Tax Court are unconstitutional, we summarily reject such arguments. They have been raised and rejected many times. *E.g., Tyee Realty Co. v. Anderson,* 240 U.S. 115, 117–18, 36 S.Ct. 281, 282, 60 L.Ed. 554 (1916) (income tax constitutional); *Ginter v. Southern,* 611 F.2d 1226, 1229 (8th Cir. 1979) (tax protestor's claims concerning constitutionality of Internal Revenue Code and establishment of Tax Court so frivolous as not to require discussion), *cert. denied,* 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980).

## CONSUMER PRICE INDEX

■ On audit, the Commissioner determined that in each of the years 1971–1976, appellants had received but had not reported taxable income from their auto repair business. Appellants refused to provide the Internal Revenue Service auditor with any information relating to their tax liabilities for the years under investigation. The auditor estimated their taxable income by taking the business' gross receipts and costs of goods sold as reported by the Edwards on their joint income tax return filed for 1970, and adjusting both figures upward for each year in conformance with the percentage increase in the Consumer Price Index. Appellants claim that the use of the Consumer Price Index was arbitrary. We note, however, that the Commissioner's assertion of deficiencies are presumptively correct once some substantive evidence is introduced demonstrating that the taxpayer received unreported income. *Weimerskirch v. Commissioner,* 596 F.2d 358, 360 (9th Cir. 1979).

It is undisputed that Mr. Edwards owned an income-generating auto repair business during the years in question. Therefore, the Commissioner was entitled to rely on the presumption. Because appellants failed to offer any evidence to rebut this presumption and refused to comply with a court order to produce the records of the business, the Tax Court was correct in sustaining the deficiencies and dismissing appellants' petition.[2] *See* Rule 104(c)(3), Rules of Practice of the United States Tax Court.

## LIABILITY OF MRS. EDWARDS

 A married individual is taxable on the earnings of his or her spouse to the extent that the laws of the state of residence grants that individual a vested property or ownership interest in the spouse's earnings. *United States v. Mitchell*, 403 U.S. 190, 196–97, 91 S.Ct. 1763, 1767–68, 29 L.Ed.2d 406 (1971). The community property laws of Arizona grant such an interest. *Goodell v. Koch*, 282 U.S. 118, 119, 51 S.Ct. 62, 75 L.Ed. 247 (1930). Under Arizona law, there is a strong presumption, rebuttable only by clear and convincing evidence, that all property acquired during marriage is community property. *Evans v. Evans*, 79 Ariz. 284, 286, 288 P.2d 775, 777 (1955). Appellants failed to discharge this burden of rebuttal. The Tax Court correctly sustained the Commissioner's determination that Mrs. Edwards has a vested one-half interest in the income generated by her spouse's auto repair business.

## CONCLUSION

Meritless appeals of this nature are becoming increasingly burdensome on the federal court system. We find this appeal frivolous, Fed.R.App.P. 38, and accordingly award double costs to appellee. *Renken v. Harvey Aluminum, Inc.*, 475 F.2d 766, 766–67 (9th Cir. 1973); *Lowe v. Willacy*, 239 F.2d 179, 180 (9th Cir. 1956).

---

2. Taxpayers also contend that they should not be liable for penalties under I.R.C. § 6651(a) because they were reasonable in relying upon their interpretation of the Constitution in not filing meaningful returns and therefore should not be charged with willful neglect. Reliance on their misguided constitutional beliefs was not reasonable. *See United States v. Porth*, 426 F.2d 519, 523 (10th Cir.), *cert. denied*, 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970).