FRED WEBB, JR. and HARRIETT L. WEBB, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Webb v. Commissioner
Docket Nos. 8047-81, 12483-81, 28254-82.
United States Tax Court
T.C. Memo 1984-12; 1984 Tax Ct. Memo LEXIS 660; 47 T.C.M. (CCH) 851; T.C.M. (RIA) 84012; January 9, 1984. Harriett L. Webb, for the petitioners. Stephen J. Waller, for the respondent COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Name
Additions to Tax
Docket No.
Year
Deficiency
Sec.
Sec.
Sec.
6651(a) [1]
6653(a)
6654(a)
Fred Webb, Jr.
1978
$1,079
$88.04
$53.95
8047-81
Harriett L. Webb
1978
1,079
88.04
53.95
12483-81
Fred Webb, Jr.
1979
1,515
287.75
57.55
$48.26
and Harriett L.
1980
2,373
593.25
118.65
149.45
Webb
28254-82
*661 The above amounts were determined by respondent from third party information because petitioners failed to file valid income tax returns. By Amendments to the Answers in docket Nos. 8047-81 and 12483-81, respondent alleged that the correct amount of the deficiency determined against each petitioner for the year 1978 should be $1,707 and that the additions to tax due from each petitioner for that year should be $126.39 under section 6651(a) and $85.35 under section 6653(a). Respondent thus has the burden of proof with respect to the increased deficiencies and increased amounts of additions to tax. As to all other issues and amounts, the burden of proof is on the petitioners. Rule 142(a). At the time they filed their petitions herein, petitioners were residents of Phoenix, Arizona. As a result of orders made by the Court under Rule 91(f) and actual execution of the supplemental stipulation of *662 facts by Mrs. Webb, all of the material facts have been stipulated. Petitioners were employed during the years in issue and earned total wages from that employment as follows: Year
Fred Webb, Jr.
Harriett L. Webb
1978
$22,925.11
$321.55
1979
18,110.60
2,019.02
1980
29,243.39
75.00
Petitioners were married to each other from prior to January 1, 1978, until December 17, 1980, and they resided in the State of Arizona throughout the years in issue. Under Arizona law, the earnings of either spouse during marriage are community property. Ariz. Rev. Stat. sec. 25-211 (West 1976); see Goodell v. Koch,282 U.S. 118 (1930). Each spouse is thus taxable on one-half of the community earnings. United States v. Mitchell,403 U.S. 190, 196-197 (1971); Edwards v. Commissioner,680 F.2d 1268, 1271 (9th Cir. 1982). In their petitions and in their trial memoranda, petitioners allege errors in attributing income of one spouse to the other spouse in determining the deficiency, asserting that the result would be different if they were not residents of a community property state and that, *663 therefore, they have been denied equal protection of the laws. This argument is erroneous, however, because each individual is being taxed only on income in which he or she has a vested property or ownership interest, whether in a community property state or not. See United States v. Mitchell,supra;Edwards v. Commissioner,supra;Brent v. Commissioner,630 F.2d 356 (5th Cir. 1980); Bagur v. Commissioner,603 F.2d 491 (5th Cir. 1979). Neither petitioner has presented any evidence as to the amount of earnings, if any, attributable to the period after the divorce, i.e., between December 17, 1980 and December 31, 1980. Petitioners have presented no evidence that they are entitled to exemptions or deductions beyond those allowed or that the calculations of their taxable income are in any way incorrect. The stipulated facts are sufficient to satisfy respondent's burden of proof as to 1978 for the increased deficiencies and increased additions to tax, and respondent's determinations of the deficiencies must therefore be sustained as to all years. Petitioners filed for the years in issue Forms 1040 that *664 contained no information concerning their income or deductions. Instead, petitioners inserted asterisks on each line and set forth various frivolous objections to completing the tax returns in the manner prescribed by law. These documents are not valid returns for any purpose. See United States v. Neff,615 F.2d 1235 (9th Cir. 1980); United States v. Klee,494 F.2d 394, 397 (9th Cir. 1974); Thompson v. Commissioner,78 T.C. 558 (1982). Petitioners persisted at trial in making arguments that are either totally inapplicable to their case or so frivolous as to require no further discussion. See Edwards v. Commissioner,supra;McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); United States v. Neff,supra;United States v. Buras,633 F.2d 1356 (9th Cir. 1980). They have chosen to ignore the law applicable to their case as well as attempts by the Court at trial to correct their misunderstandings. They have not shown any reasonable cause for their failure to file valid returns or any excuse for underpayment of their *665 tax liabilities. The additions to tax for failure to file returns, section 6651(a), and for negligence or intentional disregard of rules and regulations, section 6653(a), are appropriate and must be sustained. Thompson v. Commissioner,supra;Reiff v. Commissioner,77 T.C. 1169, 1176-1181 (1981). The additions to tax under section 6654(a) for underpayment of estimated taxes are mandatory in the absence of a showing by petitioners that some exception applies. Grosshandler v. Commissioner,75 T.C. 1, 21 (1980). Petitioners should be advised, moreover, that they have narrowly escaped imposition of damages under section 6673, which in future cases may be in amount up to $5,000. [2]
*666 Decisions will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
2. As to cases filed subsequent to January 1, 1983, section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩