DANIEL J. FRANKLIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Franklin v. Commissioner
Docket No. 5762-81.
United States Tax Court
T.C. Memo 1984-316; 1984 Tax Ct. Memo LEXIS 355; 48 T.C.M. (CCH) 337; T.C.M. (RIA) 84316; June 21, 1984. Daniel J. Franklin, pro se. Patricia Beary, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined deficiencies in and additions to petitioner's income tax for 1978 as follows: Additions to Tax
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a)
$2,052.00
$513.00
$102.60
$65.50
In an amendment to answer, respondent alleged an increased deficiency and increased additions as follows: Additions to Tax
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a)
$3,053.00
$753.08
$152.65
$96.08
The only issue is whether *356 the Fourth Amendment or the Fifth Amendment allows petitioner not to report his income. All the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Mesa, Arizona, when he filed his petition. Petitioner filed a document with the Ogden Service Center which purported to be an income tax return for 1978. The document contained no information regarding petitioner's filing status, exemptions, income, or deductions. In response to all requests for information except his name, address, and social security number, petitioner stated on the document that "specific objection is made under the Fifth Amendment, U.S. Constitution * * *." Petitioner received compensation for his services during 1978 of $18,513.38. Respondent was aware of $14,995.11 of this compensation when the notice of deficiency was mailed. Respondent was aware of the remaining $3,518.27 of compensation when the amendment to answer was filed. There being no dispute regarding the amount of petitioner's income, the deficiency pleaded by respondent in his amendment to answer is sustained. Petitioner's liability *357 for the addition to tax under section 6654(a) pleaded by respondent follows automatically. Grosshandler v. Commissioner,75 T.C. 1, 20 (1980). When this case was submitted, petitioner told the Court (Transcript pp. 3-4) that "* * * I have no objection to paying taxes. What I do object to is the method of collection. I do not believe that I should have to give up my rights in order for the IRS to collect a tax from me * * *. It is basically my Fourth and Fifth Amendment rights [that] are being violated * * *." The document filed by petitioner is not a return. Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982). Moreover, unfounded concerns for constitutional rights such as those expressed by petitioner do not justify his failure to file a return. McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissioner,supra.Hence, petitioner's failure to file a return is not due to reasonable cause and his underpayment is due to intentional disregard of rules and regulations. It follows that petitioner is liable for the addition to tax under section *358 6651(a) and section 6653(a) pleaded by respondent. Decision will be entered for the respondent.