DONALD R. SCHRAMM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schramm v. Commissioner
Docket No. 13207-89
United States Tax Court
T.C. Memo 1991-523; 1991 Tax Ct. Memo LEXIS 572; 62 T.C.M. (CCH) 1053; T.C.M. (RIA) 91523; October 21, 1991, Filed *572 Decision will be entered under Rule 155. Donald R. Schramm, pro se. Stephen S. Ash, for the respondent. CLAPP, Judge. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to tax under section
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
1985
$ 15,392.00
$ 1,614.50
$ 769.60
*
1986
13,309.00
1,521.25
--
--
Additions to tax under section
Year
6653(a)(1)(A)
6653(a)(1)(B)
6654(a)
1985
--
--
$ 242.00
1986
665.45
*
207.00
The issues for consideration are: (1) Whether petitioner is liable for income tax on the amount of wages he received in 1985 and 1986; (2) whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to file tax returns; (3) whether petitioner is liable for additions to tax under section 6653(a)(1) and (2) for 1985 and section 6653(a)(1)(A) and (B) for 1986 *573 for negligence or intentional disregard of rules or regulations; (4) whether petitioner is liable for additions to tax under section 6654(a) for failure to pay estimated tax; (5) whether petitioner is entitled to use the tax rates applicable to married individuals filing joint returns; and (6) whether petitioner is liable for the penalty under section 6673. All section references are to the Internal Revenue Code for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT We incorporate by reference the stipulation of facts and attached exhibits. Petitioner resided in Phoenix, Arizona, when the petition was filed in this case. During 1985, petitioner was employed by Insurance General Agency, Inc., and received wages in the amount of $ 49,809. During 1986, he was employed by Motorola Computer Systems and received wages in the amount of $ 45,517. Petitioner did not file Federal income tax returns for the taxable years 1985 and 1986. He did file a joint return with his wife for tax year 1983. OPINION Upon reviewing petitioner's pleadings, the voluminous amounts of materials and exhibits submitted by him, and his testimony *574 at trial, we find that most of his contentions are not deserving of serious consideration. Petitioner claims that he is not arguing about the legality or constitutionality of the Federal income tax; however, his protests that he is not liable for taxes are as frivolous and unpersuasive as those propounded by the tax protestors who have flooded this Court in recent years. The reams of numerous, mostly meritless, filings submitted by petitioner have done little to champion his cause. Instead, they have muddled the record and served as a smoke screen to obscure the one argument raised by petitioner that has validity. Petitioner contends that because he was married during 1985 and 1986, the years at issue, and in light of the community property laws of the State of Arizona, respondent should not assign all of his earned income to him. We agree. Petitioner received wages for the taxable years 1985 and 1986 in the amounts of $ 49,809 and 45,517, respectively. Respondent maintains that the entire amounts of these wages are taxable as gross income to him. It is clear that wages are taxable as gross income. Sec. 61; Rowlee v. Commissioner, 80 T.C. 1111 (1983). *575 Petitioner has admitted that he received wages from his employers in these years, but he believes that, pursuant to the Arizona community property laws, only one-half of such wages are taxable to him. Petitioner first raised this argument in his motion to supplement petition, which this Court denied. In petitioner's original petition, he denied generally liability for all income taxes. The motion merely set forth specific reasons supporting such denial. However, attached to the motion as exhibits were two copies of "Income Tax Examination Changes" prepared by the district director's office in Phoenix, Arizona. These notices support petitioner's argument that one-half of his income for 1985 and 1986 belonged to his wife. At trial, petitioner raised the issue again. He submitted into evidence a notice of "Income Tax Examination Changes" that was addressed to his wife and proposed adjustments to her income for 1985 and 1986. This notice listed her filing status as "married -- separate" and allocated to her "income per community property" of $ 22,117 in 1985 and $ 22,794 in 1986. These amounts represent approximately one-half of petitioner's income listed on his W-2 Forms for *576 these years. Respondent does not address this issue adequately at trial or on brief. Instead, respondent argues that petitioner is not entitled to use rates applicable to married individuals filing joint returns in computing his tax liabilities for 1985 and 1986. Respondent is correct that petitioner is not entitled to such rates, see sec. 6013(b)(2)(C); however, this response does not meet petitioner's community property argument. We agree with petitioner that he is liable for Federal income taxes on only one-half of his income earned in 1985 and 1986. Petitioner's liability for tax on income depends on the State law definition of income ownership. United States v. Mitchell, 403 U.S. 190, 198, 29 L. Ed. 2d 406, 91 S. Ct. 1763 (1971). Arizona law provides that the earnings of either spouse are community property, and each spouse has an equal one-half interest in those earnings. Ariz.Rev. Stat. Ann. sec. 25-211 (1976); Goodell v. Koch, 282 U.S. 118, 75 L. Ed. 247, 51 S. Ct. 62 (1930). Each spouse must report one-half of all such income when he or she files a separate Federal income tax return. United States v. Mitchell, supra.
We find that petitioner and his wife were *577 married and living together during the years in issue, as there was no evidence presented to refute petitioner's assertions on this matter. This also is supported by respondent's notices of deficiency addressed to petitioner in which respondent lists petitioner's filing status as married filing separate for 1985 and 1986. Section 66(b), which was added by the Tax Reform Act of 1984 and which applies to taxable years beginning after December 31, 1984, provides that respondent may disregard the community property laws of a State if a taxpayer acts as if he or she is entitled solely to the income and the taxpayer failed to notify the taxpayer's spouse of that income. However, no contention has been made by respondent that he has disregarded the Arizona laws pursuant to section 66(b). Accordingly, petitioner and his wife each owned one-half of his income for 1985 and 1986, and petitioner was liable for taxes on an amount representing one-half of his income. Pursuant to section 6012(a)(1)(A), petitioner was required to file Federal income tax returns for these years. Section 6072 provides that in the case of returns under section 6012, returns made on the basis of the calendar year *578 shall be filed on or before the 15th day of April following the close of the calendar year. Petitioner had a duty to file returns for 1985 and 1986. Petitioner's primary contention, which he mentions only generally in his petition but elaborates on at trial and in his briefs, is that he had no obligation to report his income because the Internal Revenue Service (IRS) failed to obtain approval from the Office of Management and Budget (OMB) to garner the information about wages or salary that it requested on its Forms 1040. Petitioner is referring to regulations issued pursuant to the Paperwork Reduction Act of 1980, 44 U.S.C. sec. 3516. These regulations provide that "An agency shall not engage in a collection of information without obtaining Office of Management and Budget (OMB) approval of the collection of information and displaying a currently valid OMB control number * * *." 5 C.F.R. sec. 1320.4 (1985). In his brief, petitioner states, "The absence of assigned OMB control numbers to reporting requirements contained in the Treasury Regulations precludes any requirement to supply the information on form 1040." Although we do not wish to lend credence to petitioner's argument, *579 we will address this point briefly. The IRS has obtained OMB approval of the process of collecting information through Federal income tax returns and has been assigned number 1545-0074 for that process. Sec. 602.101(c), Statement of Procedural Rules; see Beam v. Commissioner, T.C. Memo 1990-304 n.5, on appeal (9th Cir., Oct. 29, 1990). Further, OMB control number 1545-0074 is displayed on the 1985 and 1986 Forms 1040 issued by the IRS. Therefore, petitioner's argument that he was relieved of his obligation to report his income for taxable years 1985 and 1986 is inapposite. Petitioner has cited numerous cases, statutes, and regulations in support of his position. From the exhibits attached to his brief, it is clear to the Court that he has spent many hours researching this issue and discussing his case with respondent's agents and employees of OMB. We find it difficult to believe that petitioner was unable to determine the law as it pertains to the IRS's authority to collect information from taxpayers. "Some people believe with great fervor preposterous things that just happen to coincide with their self-interest. * * * These beliefs all lead * * * to *580 the elimination of their obligation to pay taxes." Coleman v. Commissioner, 791 F.2d 68, 69 (7th Cir. 1986). Petitioner also argues that respondent has made an improper, premature assessment of tax, and therefore respondent is precluded from further assessments for the same taxes, additions, and interest. This assertion is unworthy of lengthy discussion. Respondent's attorney submitted evidence at trial that a premature assessment in the exact amount of the deficiencies was made on July 3, 1989, approximately 3 weeks after petitioner filed his petition with this Court, but was abated soon thereafter on August 21, 1989. In any event, petitioner's assertion of a premature assessment does not exonerate or relieve him of the deficiencies and additions to tax as determined by respondent. See McGlone v. Commissioner, T.C. Memo 1990-451. Respondent also has determined additions to tax under sections 6651(a)(1), 6653(a)(1) and (2), 6653(a)(1)(A) and (B), and 6654(a). Petitioner bears the burden of proving that respondent's determinations are in error. Rule 142(a). Section 6651(a)(1) provides that an addition to tax is due if petitioner fails *581 to file a timely return unless such failure is due to reasonable cause and not due to willful neglect. The evidence is uncontested that petitioner failed to file returns for the years 1985 and 1986. His only explanation for failure to file timely returns, i.e., the OMB argument, does not constitute reasonable cause. Petitioner knew of his duty to file tax returns and how to report properly his income as he had done so for 1983. His failure to file tax returns for 1985 and 1986 was deliberate. We find that petitioner is liable for the additions to tax under section 6651(a)(1). Section 6653(a) provides that an addition to tax is due if all or part of petitioner's underpayment of tax is due to petitioner's negligence or intentional disregard of rules or regulations. We find that petitioner knowingly failed to file tax returns and report his income for 1985 and 1986 and was negligent and intentionally disregarded the rules or regulations. Accordingly, he is liable for the additions to tax under section 6653(a)(1) and (2) for 1985 and section 6653(a)(1)(A) and (B) for 1986. Section 6654(a) imposes an addition to tax for failure to pay estimated income tax. For purposes of section *582 6654(a), taxes withheld from wages are deemed to be a payment of estimated tax for the taxable year. Sec. 6654(g)(1). In respondent's notices of deficiency, he proposes adjustments to income based on the entire amounts of petitioner's wage income and attributes withholding credits to petitioner of $ 8,934 for 1985 and $ 7,224 for 1986. The extent to which petitioner may be liable for additions to tax under section 6654(a) will be determined by the parties under Rule 155, after allocating the proper amount of wages and withholding credits between petitioner and his wife. Finally, respondent has requested that a penalty be awarded under section 6673. Under this section, if it appears to the Tax Court that: (1) Proceedings have been instituted or maintained by a taxpayer primarily for delay; (2) the taxpayer's position is frivolous or groundless; or (3) the taxpayer unreasonably failed to pursue available administrative remedies, the Court may require the taxpayer to pay a penalty to the United States. Sec. 6673. Petitioner did reduce his tax liability by asserting that the community property laws of the State of Arizona apply to reduce the amount of his earned income. However, *583 the various arguments raised by petitioner in his petition, his motion to dismiss for lack of jurisdiction, his motion to dismiss for failure to state a claim upon which relief may be granted, his motion for reconsideration, at trial, and in his post-trial briefs are without merit and frivolous. His assertions that the Government is not authorized to levy an income tax and that respondent's premature assessment eliminates his obligation to report his income are unsupported by case law, statutes, or regulations. The voluminous pleadings and paperwork submitted to this Court were substantially frivolous and groundless and indicate his desire to delay this proceeding. Petitioner has wasted a great deal of this Court's time and resources. We award damages to the United States under section 6673 in the amount of $ 5,000 for each of the years 1985 and 1986 for a total of $ 10,000. Decision will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on the deficiency.↩