ROBERT EUGENE WILHELM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Wilhelm v. Commissioner
Docket No. 5818-82.
United States Tax Court
T.C. Memo 1984-296; 1984 Tax Ct. Memo LEXIS 376; 48 T.C.M. (CCH) 265; T.C.M. (RIA) 84296; June 6, 1984. Robert Eugene Wilhelm, pro se. Eugene J. Wien, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Joan Seitz Pate pursuant to section 7456 of the Code and Rules 180 and 181 of the Tax Court Rules of Practice *377 and Procedure.[1]
The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax under section 6653(b) for each of the taxable years 1973, 1974, 1975. 1976 and 1977 in the following amounts. Addition to tax
Tax Year
Amount
under § 6653(b)
1973
631.03
$315.52
1974
$2,112.38
1,056.19
1975
2,888.32
1,444.16
1976
3,292.00
1,646.00
1977
3,728.00
1,864.00
Petitioner timely filed a petition with this Court on March 15, 1982. His residence at the time was 313 Olga Road, Wilmington, Delaware 19805. The petition, consisting of 71 paragraphs, made various allegations of a "tax protester" nature. The case was tried in Philadelphia, Pennsylvania on September 30, 1983. Some of the facts were stipulated and those facts are incorporated herein by reference. During the years 1973 through 1977, *378 petitioner was employed as a truck driver by Getty Oil Company, Eastern Operations, Inc., Delaware City, Delaware. In addition, during the taxable year 1973, the petitioner was employed by allstate Investigation and Security Agency. During the years 1973 through 1977, petitioner had income from wages and interest.
Respondent, in his Notice of Deficiency, computed petitioner's taxes based on his total wages and interest income after deducting certain itemized deductions and exemptions. At trial, petitioner did not dispute the amount of any of the income or deductions taken into account by the Internal Revenue Service. Petitioner did contend, however, that the is not required to file a Federal income tax return because of his rights under the Fourth and Fifth Amendments to the Constitution, his wages are not taxable, and filing a Federal income tax return is voluntary. In addition, respondent contends that petitioner is liable for additions to tax for fraud under section 6653(b). Alternatively, respondent pleaded that the deficiency is due to petitioner's negligence or intentional disregard of rules and regulations and that petitioner willfully neglected to timely file returns *379 for the taxable years 1973 through 1977 and therefore, petitioner is liable for additions to tax under sections 6653(a) and 6651(a) for each of the taxable years. On November 16, 1976 an Information was filed in the United States District Court for the District of Wilmington charging petitioner with filing false and fraudulent W-4E statements for the years 1973 (Count I) and 1974 (Court II) and filing a false and fraudulent W-4 statement for the year 1975 (Court III). On March 1, 1977 petitioner was found guilty on all three counts. On April 13, 1977, the petitioner was sentenced to serve three months in prison on Court I and placed on probation for a term of two years and six months on Courts II and III. On January 23, 1978, the United States Court of Appeals for the Third Circuit affirmed petitioner's conviction on all Counts. Petitioner and his wife had filed timely joint income tax returns for each of the taxable years 1969, 1970, 1971 and 1972.Petitioner's probation terms required that he file a proper exemption certificate and proper Federal income tax returns for the tax years 1977 and 1978. Petitioner did file a timely individual income tax return for the taxable year *380 1978.
Taxpayer's contentions that his wages and interest income are not includible in gross income for purposes of taxation have been considered by the courts on so many occasions that a detailed discussion need not be repeated here. Gross income means all income from whatever source derived including both wages and interest. Section 61; Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983), and the cases cited therein. Further, petitioner's general assertion that his Fourth and Fifth Amendment rights have been violated is without merit. Petitioner's due process rights have not been abrogated or abridged here. McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982). With regard to the assertion of the Fifth Amendment privilege, petitioner much be faced with substantial hazards of self-incrimination that are real and appreciable and must have reasonable cause to apprehend such danger in order to exercise the privilege. Edwards v. Commissioner,supra.There is nothing in this record indicating that petitioner *381 was faced with such a hazard. At the trial of this case, petitioner did not submit any evidence refuting the basis of the computations of Federal income tax made in the Notice of Deficiency. Since petitioner bears the burden of proof that respondent's determinations are incorrect and has failed to carry this burden, our decision is for the respondent, as to all of the income tax assessed in the Notice of Deficiency.Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). The principal issue remaining in this case is whether petitioner is liable for the addition to tax for fraud under section 6653(b) for each of the years 1973 through 1977. The burden of proving fraud is on the respondent and he must carry his burden by clear and convincing evidence. Section 7454(a); Rule 142(b). He must show that the taxpayer intended to evade taxes, which he knew or believed he owed, by conduct intended to conceal, mislead or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969). The presence or absence of fraud is a factual question to be determined upon *382 consideration of the entire record. Mensik v. Commissioner,328 F.2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962), cert. denied 379 U.S. 827 (1964). Since direct proof of petitioner's intention can seldom be established, it is the petitioner's entire course of conduct which must be relief upon to establish whether he had such fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971). There is little doubt that petitioner knew that his wages and interest income were taxable. This clearly is shown by the fact that he had filed tax returns, prior to the years in issue, reporting such wages and income in the usual and customary manner. Further, petitioner did not file his 1977 income tax return despite the fact that filing such a return was a term of his probation. There also is practically no doubt that petitioner knew at the time that he completed his withholding exemption certificate that he was not entitled to the exemptions claimed thereon. He realized that such action would result in little or no tax being withheld from his wages, supporting his "tax protester" position, and thereby defeating the *383 collection of such taxes. Respondent claims that petitioner is liable for the fraud addition because the facts here closely parallel those in Best v. Commissioner,T.C. Memo. 1981-251. See also Zell v. Commissioner,T.C. Memo. 1984-152. We agree. In Best, petitioner had filed proper income tax returns prior to those for the years in issue and did not file returns for the years before the Court, except for one which only contained refusals to submit information based on claimed Fourth and Fifth amendment rights. Further, in Best, as here, petitioner filed false withholding exemption certificates. This conduct over an extended period of time convinced the Court that petitioner acted with a specific intention of evading taxes that he knew to be owing. Since the facts in this case are substantially similar to those in Best, we find that respondent has proved fraud by clear and convincing evidence. [2] See Habersham-Bey v. Commissioner,78 T.C. 304 (1982). *384 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Since we have found that petitioner is liable for the addition to tax under section 6653(b), we need not consider respondent's alternative positions under sections 6651(a) and 6653(a).↩