WILMER H. BITTERMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; LETA M. BITTERMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bitterman v. Commissioner
Docket Nos. 28889-81, 28890-81.
United States Tax Court
T.C. Memo 1984-645; 1984 Tax Ct. Memo LEXIS 25; 49 T.C.M. (CCH) 295; T.C.M. (RIA) 84645; December 13, 1984. Wilmer H. Bitterman and Leta M. Bitterman, pro se. Terence D. Woolston, for the respondent. CLAPP MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: By notice of deficiency dated August 27, 1981, respondent determined deficiencies of $2,246 in each of petitioner's 1979 Federal income tax liabilities, and additions to *26 each tax under section 6651(a)(1) [1] (failure to file a return) and 6653(a) (failure to pay due to negligence or intentional disregard) in the amounts of $210.50 and $112.30, respectively. All of the above deficiencies and additions are at issue. Petitioners Wilmer H. Bitterman ("Wilmer") and Leta M. Bitterman ("Leta") were married during the year in question, and were domiciled in Arizona. Arizona law dictates that earnings during marriage are the community property of both spouses regardless of who actually labored for the wages. Ariz. Rev. Stat. Ann. sec. 25-211 (1976). Accordingly, respondent determined that both Wilmer and Leta had income in 1979, which gave rise to a Federal tax liability. Respondent sent two identical notices of deficiency. Upon motion by respondent, the two cases were consolidated for trial and opinion. All of the facts have been stipulated and are so found. During 1979, Wilmer was employed by several corporations and received wages from each. Leta also received wages. *27 In 1979, the couple also received interest on two bank accounts. Respondent determined that each petitioner received a total of $13,298.00 in income from wages, and $210.00 in interest. For 1979, Wilmer filed with respondent a document purporting to be an income tax return. The first and second pages of the document were void of any answers or responses. Printed in the upper margins of both pages was the following: I offer to amend or to re-file this return exactly as you wish it, if you will please show me how to do so without waiving my constitutional rights. In most of the lines (including the signature line for Wilmer's spouse), there is a printed *. The * footnoted the following statement: This means specific objection is made under the 5th Amendment, U.S. Constitution, and that similar objection is made to the question under the 1st, 4th, 7th, 8th, 9th, 10th, 13th, 14th, and 16th Amendments. Only Wilmer's signature appeared on the return. He failed to include any other information whatsoever; pertinent information such as address, filing status, income, exemptions, and deductions was omitted. Leta neither signed Wilmer's purported return nor did she *28 file a return separately. For the 1979 tax year, Leta provided no information whatsoever to respondent. Respondent sent a written request to Wilmer for his compliance with Internal Revenue Code requirements for completing the Form 1040. Still petitioner chose not to forward a proper return. Petitioners failed to file income tax returns for 1979. Their actions were not justifiable because of a reasonable cause. Rather, their actions were a concerted contrivance to avoid their legal obligation to file an income tax return for 1979. Petitioners' underpayment of their federal income tax liabilities were due to an intentional disregard of respondent's rules and regulations. I. DEFICIENCIES
Petitioners bear the burden of proving that the determinations made by respondent in the notices of deficiency are incorrect.Rule 142(a). [2]Welch v. Helvering,290 U.S. 111 (1933). Wilmer offered purely frivolous arguments in support of his position and did not contest the amounts determined by respondent.Leta did not volunteer any argument whatsoever *29 in support of her petition. We sustain the deficiencies determined by respondent for both Wilmer and Leta. II. FAILURE TO FILE
The document submitted by Wilmer contained even less information than those in other cases which we have held were not returns. See Reiff v. Commissioner,77 T.C. 1169 (1981); Beard v. Commissioner,82 T.C. 766 (1984)[3]. Leta neither signed her husband's return nor submitted her own Form 1040. We find that Wilmer and Leta failed to file federal tax returns for 1979. Even though we have found that Wilmer did fail to file, pursuant to section 6651(a), an addition to tax would not be imposed if Wilmer established that such failure was due to reasonable cause. Wilmer maintains that his Constitutional rights would be forceably waived by filing a proper return. For Wilmer to be able to invoke his Fifth Amendment privilege against self-incrimination, he must be subject to a substantial risk and have reasonable cause to apprehend such danger. Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982). It was held *30 in McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981), that remote or speculative possibilities of prosecution for unspecified crimes are not sufficient to justify a failure to respond. Wilmer has not articulated any justification whatsoever for his fear. In fact, at trial Mr. Bitterman stated, "I am not under criminal investigation as of this time that I know of." Hence, we find for respondent on this issue. III. FAILURE TO PAY TAX
Pursuant to section 6653(a) when any part of any underpayment is due to negligence or intentional disregard of the rules and regulations, respondent is authorized to make an addition to tax equal to five percent of the underpayment. Leta has not offered any evidence or testimony to overcome her burden of proof. Wilmer volunteered simply frivolous constitutional arguments. We agree with respondent that petitioners' actions were concerted and intentional. We conclude that a part of petitioners' underpayment for 1979 was due to negligence or intentional disregard of rules and regulations. SeeReiff v. Commissioner,supra, at 1181. On this issue, we *31 hold for respondent. Furthermore, on our own motion, we will award damages to the United States under section 6673. Both petitioners initiated these cases to delay payments of their taxes, and to delay and disrupt the operations of this Court. It is well settled today, as it has been for decades, that wages and interest are income subject to federal income tax. Throughout the entire courses of these cases, neither Leta nor Wilmer have done anything to substantiate that there was ever a bona fide dispute regarding their income or the additions to tax determined by respondent. In view of the administrative and judicial expenses caused by the instigation of these cases, $500 will be awarded to the United States for each case. Decisions will be entered for respondent.
Footnotes
1. Unless indicated otherwise, all section references are made to sections of the Internal Revenue Code of 1954 as in effect for the year in issue.↩
2. All references to Rules are to the Rules of Practice and Procedure of the United States Tax Court.↩
3. See also Franklin v. Commissioner,T.C. Memo. 1984-278↩.