HELMUT F. FROEBER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Froeber v. Commissioner
Docket No. 2872-82.
United States Tax Court
T.C. Memo 1984-139; 1984 Tax Ct. Memo LEXIS 529; 47 T.C.M. (CCH) 1329; T.C.M. (RIA) 84139; March 22, 1984. Helmut F. Froeber, pro se. Howard Rosenblatt, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7456(c) [1] and General Order No. 8 of this Court, 81 T.C. V (July 1983). After review of the record, the Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: Respondent determined a deficiency is petitioner's 1976 Federal income tax in the amount *531 of $5,357 and additions to tax as provided by section 6651(a) in the amount of $590.26, section 6653(a) in the amount of $267.85, and section 6654(a) in the amount of $60.09. In his answer to petitioner's amended petition, respondent alternatively seeks an addition to tax for fraud under section 6653(b) in lieu of the additions under sections 6651(a) and 6653(a). The issues for decision are: 1. Whether the Form 1040 filed by petitioner for 1976 constitutes an income tax return for purposes of the commencement of the running of the statute of limitations on assessments; 2. Whether respondent erred in determining the amount of a deficiency in petitioner's 1976 Federal income tax; 3. Whether, if there was an underpayment of tax for that year, any part of the underpayment is due to fraud under section 6653(b); 4. Whether the addition to tax under section 6654(a) for petitioner's failure to pay estimated income tax was properly determined by respondent; 5. If petitioner is not liable for the addition to tax under section 6653(b), whether the additions to tax under sections 6651(a) and 6653(a) were properly determined by respondent; and 6. Whether petitioner is liable *532 for damages under section 6673. Petitioner resided in Stanton, California, at the time the petition was filed in this case. 1. The Statute of Limitations
Petitioner filed a Form 1040 for 1976 which contained no information relating to the amount of his income or income tax liability. Petitioner merely filled in his name, address, social security number, filing status, and dependency exemptions. On each line of the Form 1040, with the exception of the line on which his tax entry was supposed to be entered, where he put the word "none," petitioner placed asterisks. On the second page of his Form 1040, petitioner explained that the asterisks were objections made under the Fifth Amendment. In addition, petitioner attached to his Form 1040 several pages of tax protester material. He also attached his Form W-2 to the Form 1040. On October 1, 1980, a Form 1040X for 1976 was signed by petitioner and filed with respondent. On this form petitioner sought a refund of taxes withheld from his wages during 1976, but set forth no information as to the amount of his income; he stated only the amount of his withheld income taxes and the amount of the claimed refund, filling other blank *533 spaces in the same manner as he filled them on his original Form 1040. Notwithstanding our conclusion, discussed below, that respondent has failed to prove that the underpayment of tax was due to fraud, petitioner's argument that the notice of deficiency was not timely lacks merit. The Form 1040 which contained only Fifth Amendment objections in the blanks provided for information on income and deductions was not a "return," Edwards v. Commissioner,680 F.2d 1268, 1269-1270 (9th Cir. 1982), affg. per curiam an order of this Court, and cases cited; the deficiency may, therefore, be assessed at any time under section 6501(c)(3). [2]
2. The Amount of the Deficiency
Respondent has determined that petitioner received wages for the taxable year 1976 in the amount of $23,958. Petitioner has failed to provide any factual or legal basis for finding that respondent's determination of a deficiency *534 in petitioner's Federal income tax for 1976 was erroneous. In fact, the parties have stipulated that "petitioner received $23,958.00 as compensation for labor" from Fluor Engineers and Contractors. There is no doubt that compensation for labor constitutes taxable income. Eisner v. Macomber,252 U.S. 189 (1920); Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir., Sept. 13, 1983). Accordingly, respondent is sustained on this issue. 3. Fraud
In his answer to the amended petition, respondent seeks an addition to tax for fraud under section 6653(b). [3] That section provides for a 50-percent addition to tax for fraud if any part of any underpayment of tax is "due to fraud." The issue is factual, and the burden rests with respondent to prove fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Although the case is a close one, we have concluded that respondent has not carried his burden on this issue. *535 To prove fraud under section 6653(b), respondent has the burden of showing, by clear and convincing evidence, that the taxpayer intended to evade taxes known to be owing by conduct designed to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. Fraud will never be presumed, Beaver v. Commissioner,55 T.C. 85, 92 (1970), although it may be proved by circumstantial evidence. Rowlee v. Commissioner,supra at 1123. It is true that petitioner did not report as income the $23,958 in compensation that he now stipulates that he received, but the record does not show that he attempted to conceal that income. He attached to his 1976 Form 1040 a Form W-2 showing that he received salaries or wages in that amount. Respondent argues that he filed a Form W-4 for 1976 with his employer claiming exemption from withholding and thus sought to defeat the payment of taxes that he knew he owed. But no such form was introduced in evidence and the testimony *536 on the point with respect to 1976 is far from clear. In fact, the Form W-2 attached to his 1976 Form 1040, referred to above, indicates that $2,995.54 was withheld from his compensation as income tax. True, respondent did show that petitioner filed false W-4 withholding forms for 1977 and 1978, but this pattern of conduct standing alone is hardly sufficient to carry the section 6653(b) burden for 1976. 4. Failure to Pay Estimated Tax
Section 6654(a), dealing with the failure of an individual to pay estimated income tax, provides that there shall be added to any underpayment of estimated tax an amount determined at an annual rate established under section 6621 upon the amount of the underpayment. Petitioner has failed to present any evidence to show that there was not an underpayment of estimated tax for 1976. Nor has he shown that any of the limited exceptions apply. Thus, we find for the respondent on the section 6654(a) addition to tax. 5. Section 6651(a) Additions to Tax
Section 6651(a)(1) provides for an addition to tax, not to exceed 25 percent of the tax, in the case of a failure to file a timely return unless "it is shown that such failure is due to reasonable *537 cause and not due to willful neglect." The courts have repeatedly held that so-called Fifth Amendment Forms 1040, like the one filed by petitioner for 1976, is not a "return." Edwards v. Commissioner, supra, and the cases cited at p. 1270. Because petitioner did not file a return for 1976 or show that his failure to do so was due to reasonable cause and not due to willful neglect, this addition applies. We note that the notice of deficiency states: "In the final determination of your case you will be given credit for an additional $2,996 representing withholding credits to which you are entitled." 6. Section 6653(a) Addition to Tax
Section 6653(a) [4] provides for a 5-percent addition to tax if any part of any underpayment of tax is due to negligence or intentional disregard of the rules and regulations. Petitioner is obviously an intelligent person. The material filed with this Court includes lengthy discussions of court decisions and analyses of statutory language. He obviously knows what the statutes on filing income tax returns and on the withholding of income taxes provide. Yet for at least 1976, 1977, and 1978, he has filed Fifth Amendment returns *538 and at least for 1977 and 1978 has submitted false exemption certificates stating that he would have no tax liability. The evidence is thus abundantly clear that petitioner's underpayment of tax was due to intentional disregard of the revenue laws, and he has offered no evidence to the contrary. We, therefore, sustain this addition to tax. 7. Section 6673 Damages
Section 6673, [5] in the form here applicable, provides for the awarding of damages not to exceed $500 whenever it appears to the Tax Court that proceedings before it have been instituted merely for delay. In this case, respondent determined in the notice of deficiency that petitioner had wage income of $23,958 and *539 allowed the standard deduction and a dependency exemption deduction. Petitioner does not allege that the deduction allowances were erroneous, and he has stipulated, as noted above, that he had compensation income in the amount stated in the notice. Apart from his constitutional arguments, he raises issues only with respect to the taxability of his wages. In his petition, he does question the applicability of the additions to tax under sections 6651(a), 6653(a), and 6654 but, at the trial, offered no evidence to show that the additions were not applicable. [6]
*540 In awarding damages under section 6673 in petitioner's action in this Court with respect to his tax liability for 1977, this Court stated ( Froeber v. Commissioner,T.C. Memo. 1982-81): Many cases have disposed of Constitutional and statutory arguments similar to those made by petitioner in this proceeding. See, e.g., Reiff v. Commissioner,77 T.C. 1169 (1981) and cases cited therein. Throughout the proceedings involved in this case, petitioner has reiterated these arguments. We believe petitioner has been well aware that his arguments are frivolous, and have no probability of ultimate success. Accordingly, we conclude that respondent has shown that petitioner instituted this action solely for purposes of delay and that he is therefore liable for the damages in the amount of $500. By the time the instant case was filed, numerous additional cases had been decided by the courts rejecting constitutional and statutory arguments similar to the ones petitioner has presented. The inference is clear that petitioner was fully aware of those cases. The record is therefore even more clear here, where he stipulated away the only substantive issue *541 (the amount of his wages) and offered no evidence to show the additions to tax are not applicable, than with respect to the prior action that these frivolous proceedings were instituted in this Court merely for delay. Quite obviously the proceeding has cost the Government a sum in excess of the maximum damages authorized by section 6673. Accordingly, petitioner is liable for damages in the amount of $500. With the exception of the section 6653(b) addition to tax, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rules references are to the Tax Court Rules of Practice and Procedure.↩
2. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (c) Exceptions.-- (3) No return.--In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.↩
3. SEC. 6653. FAILURE TO PAY TAX. (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). * * *↩
4. Sec. 6653(a) provides as follows: (a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩
5. SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT MERELY FOR DELAY. Whenever it appears to the Tax Court that proceedings before it has been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary or his delegate and shall be collected as a part of the tax. ↩
6. The notice of deficiency did not determine the fraud addition to tax under sec. 6653(b). The fraud issue was not introduced into the case until respondent filed his answer to the amended petition on July 6, 1982. The proceeding was not, therefore, instituted to challenge the fraud determination.↩