RICHARD H. DOWNEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; YVONNE C. DOWNEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Downey v. Commissioner
Docket Nos. 1415-81, 1416-81.
United States Tax Court
T.C. Memo 1984-239; 1984 Tax Ct. Memo LEXIS 426; 48 T.C.M. (CCH) 14; T.C.M. (RIA) 84239; May 7, 1984. Richard H. Dwoney, pro se. Christine B. Barish, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: In these consolidated cases, respondent determined deficiencies and additions to tax in each petitioner's Federal income tax as follows: Richard Downey
Additions to Tax
Year
Deficiency
Sec. 6653 (b) [1]
Sec. 6654
1972
$1,380.82
$690.41
$11.07
1973
$1,854.79
$927.40
$59.22
Yvonne Downey
Additions to Tax
Year
Deficiency
Sec. 6651 (a)
Sec. 6653 (a)
Sec. 6654
1972
$1,380.82
$345.21
$69.04
$11.07
1973
$1,854.79
$463.70
$92.74
$59.22
The issues for decision are: *428 (1) whether petitioners had gross income which they did not report for the years 1972 and 1973; (2) whether petitioner Richard Downey is liable for additions to tax for fraud under section 6653(b); (3) whether petitioners are liable for additions to tax for failure to pay estimated income tax under section 6654; (4) whether petitioner Yvonne Downey is liable for additions to tax for failure to file timely tax returns under section 6651(a); and (5) whether petitioner Yvonne Downey is liable for additions to tax for negligence or intentional disregard of rules under section 6653(a). FINDINGS OF FACT Most of the facts have been stipulated. The stipulations of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners Richard H. Downey and Yvonne C. Downey, husband and wife, resided in Ojai, California, at the time they filed their petitions in these cases. During the years at issue, petitioners resided in California, a community property state. Petitioners had community income from wages and interest of $20,572.65 and $23,182.82 for 1972 and 1973 respectively. Petitioners timely filed joint income tax returns reporting wages and interest *429 for 1970 and 1971 but failed to file Federal income tax returns for 1972 and 1973. Richard Downey did file forms purporting to be Federal income tax returns for the years at issue, but they contained only his name, address, signature, and Fourth and Fifth Amendment objections stamped on various lines. He also filed withholding exemption certificates, Forms W-4E, in 1972 and 1973 falsely certifying that he incurred no Federal income tax liability for the previous years. [2]
Richard Downey failed to cooperate with respondent's agents in determining his income tax liabilities for 1972 and 1973. *430 Respondent determined a deficiency in each petitioner's Federal income tax for 1972 and 1973. The notices of deficiency issued to petitioners included additions to tax. For both years, respondent determined Richard Downey is liable for additions to tax under sections 6653(b) and 6654 and determined Yvonne Downey is liable for additions to tax under sections 6651(a), 6653(a), and 6654. OPINION As a preliminary matter, we address petitioners' contention that neither this Court nor respondent has jurisdiction over the dispute. We reject petitioners' contention as frivolous. Respondent issued a valid notice of deficiency and a timely petition was filed. Therefore, this Court has jurisdiction of these cases. Sections 6212, 6213, 6214; Abrams v. Commissioner,82 T.C. 403 (1984). Petitioners also argue that respondent lacks jurisdiction. By this we assume that they mean respondent lacks authority to determine their tax liability. Respondent, however, does have such authority. The Secretary is authorized and required to make "inquiries, determinations, and assessments of all [income] taxes * * *." Section 6201(a). We next consider whether respondent correctly *431 determined deficiencies in Richard's and Yvonne's Federal income taxes for the years 1972 and 1973. Petitioners, who were married during 1972 and 1973, failed to file either joint or individual income tax returns for those years. Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982). Richard Downey also failed to cooperate with respondent's agents. Respondent, nevertheless, determined deficiencies in petitioners' taxable income based upon W-2's, 1099's, and other information available. It is well settled that respondent has great latitude in making deficiency determinations "particularly where the taxpayer files no returns and refuses to cooperate in the ascertainment of his income." Giddio v. Commissioner,54 T.C. 1530, 1533 (1970). Once respondent determines a deficiency in income tax, the burden is on the taxpayer to demonstrate that respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners have failed to meet their burden. They both stipulated that they received $20,572.65 in 1972 and $23,182.82 in 1973 and they both failed to *432 produce any evidence of allowable deductions. Respondent's determinations are sustained. The next issue is whether any parts of Richard Downey's underpayments of tax for the years in issue are due to fraud within the meaning of section 6653(b).[3] The existence of fraud is a question of fact to be determined upon consideration of the entire record. Stratton v. Commissioner,54 T.C. 255, 284 (1970). Respondent bears the burden of proof on this issue and must establish fraud by clear and convincing evidence. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. Respondent may meet this burden by showing that Richard Downey intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983).
Richard Downey filed income tax returns reporting wages and interest in previous years. This establishes his knowledge of his obligation to report these items and pay tax on them. Nevertheless, *433 he failed to file a return reporting these items for 1972 and 1973. Edwards v. Commissioner,supra.While this failure to file alone is not proof of fraud, it may be considered in connection with other facts in determining whether any part of his underpayments are due to fraud. Stoltzfus v. Commissioner,398 F.2d 1002, 1004 (3d Cir. 1968); Beaver v. Commissioner,55 T.C. 85, 92 (1970). The record contains more than enough other facts to establish that Richard Downey's underpayments are due to fraud. Richard Downey filed false withholding exemption certificates, prior to the times his returns for 1972 and 1973 were due. Furthermore, he filed forms containing only his name, address, signature, and improper Fourth and Fifth Amendment objections, and he failed to cooperate with respondent's agents. Thus, respondent has established fraud by clear and convincing evidence. Rowlee v. Commissioner,supra at 1123-1126. We sustain the additions to tax under section 6653(b). Respondent also determined that both petitioners are liable for additions to tax under section 6654 and Yvonne Downey is liable for additions *434 to tax under sections 6651(a) and 6653(a). The burden is on petitioners to prove that respondent erred in these determinations. Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioners made no attempt to carry their burdens; they introduced no evidence that would tend to show that respondent's determinations are incorrect. However, respondent conceded at trial that petitioners were not given credit for an amount withheld from wages in 1972. Except to the extent this concession may affect the amount of any of these additions, we sustain respondent's determinations. Because of concessions, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue.↩
2. We do not rely on the doctrine of collateral estoppel in finding these facts. Richard Downey was convicted of willfully and knowingly failing to file income tax returns for 1972 and 1973 in violation of Section 7203 and submitting a false and fraudulent withholding exemption certificate in 1973 in violation of Section 7205. His conviction was affirmed by the Court of Appeals for the Ninth Circuit. However, respondent failed to raise the issue of collateral estoppel in his answer and, therefore, he may not gain its benefits. Rule 39, Tax Court Rules of Practice and Procedure.↩
3. The existence of underpayments, as defined in section 6653(c)(1), has been established by clear and convincing evidence.↩