DON A. COOKSTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cookston v. Commissioner
Docket No. 40929-84.
United States Tax Court
T.C. Memo 1987-168; 1987 Tax Ct. Memo LEXIS 164; 53 T.C.M. (CCH) 481; T.C.M. (RIA) 87168; March 26, 1987. Don A. Cookston, pro se. William P. Hardeman, for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Taxable Year Ended
Deficiency
Section 6653(b) [1]
Section 6654
December 31, 1976
$17,112.00
$8,556.00
$638.00
December 31, 1977
10,848.00
5,424.00
379.00
December 31, 1978
38,877.00
19,438.50
1,237.00
December 31, 1979
61,770.24
30,885.00
2,557.00
December 31, 1980
36,975.00
18,487.50
2,353.00
*165 Petitioner did not appear at the trial of this case, and offered no evidence or argument to rebut the deficiencies in Federal income tax and additions to tax pursuant to section 6654 determined by respondent. Petitioner bears the burden of proof on these issues, and we find that petitioner is liable for the deficiencies in Federal income tax and additions to tax pursuant to section 6654 as redetermined by respondent at the trial of this case. [2]
The issue this Court must decide is whether petitioner is liable for additions to tax pursuant to section 6653(b) for fraud with intent to evade tax for any of the taxable years 1976 through 1980. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner *166 resided at Palestine, Texas at the time his petition in this case was filed. Petitioner was married to Diane Cookston and resided in the state of California, a community property state, during the years at issue in this case. Petitioner and Diane Cookston were divorced in 1982. Petitioner had income during the years at issue from the following sources: wages from the City and County of San Francisco; a sole proprietorship as a contractor; a partnership; and, the sale of a stamp collection. Petitioner's community share [3] of adjusted gross income and taxable income for the years at issue, as determined by respondent, is as follows: Adjusted
Taxable
Taxable Year Ended
Gross Income
Income
December 31, 1976
$26,943.00 $21,793.00
December 31, 1977
21,011.00
17,261.00
December 31, 1978
44,890.00
40,709.00
December 31, 1979
63,096.00
56,961.00
December 31, 1980
44,484.00
37,988.00
*167 Based on the foregoing figures, respondent redetermined the deficiencies in petitioner's Federal income tax and additions to tax as follows: [4]
Additions to Tax
Taxable Year Ended
Deficiency
Section 6653(b)
Section 6654
December 31, 1976
$6,755.00
$3,377.00
$252.00
December 31, 1977
4,621.00
2,338.00
165.00
December 31, 1978
14,159.00
7,989.00
437.00
December 31, 1979
26,786.00
13,470.00
1,122.00
December 31, 1980
16,250.00
8,125.00
1,038.00
Petitioner signed a Form W-4, Employee's Withholding Exemption Certificate, *168 on November 7, 1974 across which are written the words "Tax E on File, No Tax Liability." This form was filed with the City and County of San Francisco. Petitioner had minor amounts of Federal, state and FICA taxes withheld from his wages by his employer, the City and County of San Francisco, for the years 1977, 1978 and 1979. Petitioner encouraged his wife to claim exemption from income tax withholding on her wages received as a public school teacher, which she did. As a result, Diane Cookston had no income withheld from her wages for the years she was married to petitioner. Petitioner and his wife signed a joint Federal income tax Form 1040 on which petitioner had written frivolous Constitutional objections to the requests for information in the return. The record fails to reflect whether any such Forms 1040 were filed with respondent. Petitioner received publications and literature from various "tax protestor" groups. Petitioner did not cooperate in any manner with respondent during respondent's investigation of petitioner to determine petitioner's correct tax liability. Petitioner provided respondent with no books or records. Petitioner did not file Federal income tax *169 returns for any of the taxable years 1976, 1977, 1978, 1979 or 1980. OPINION Respondent bears the burden of proving by clear and convincing evidence that petitioner is liable for the additions to tax for fraud with intent to evade payment of Federal income tax pursuant to section 6653(b). Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. This burden is satisfied if respondent establishes that petitioner intended to evade taxes known to be owing by proving conduct designed to conceal, mislead or otherwise prevent the collection of such taxes. Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968). The existence of fraud is a question of fact and is never presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). While the failure to file returns does not by itself establish fraud, it is persuasive circumstantial evidence which may be considered in connection with an independent act of misrepresentation or concealment. Marsellus v. Commissioner,544 F.2d 883 (5th Cir. 1977). The failure of the taxpayer to cooperate with respondent to provide the taxpayer's books and records and to assist in the determination *170 of the taxpayer's correct tax liability is evidence of fraud. Filing false Forms W-4 on which the taxpayer claims an excessive number of exemptions, and attempting to conceal income are also indicia of fraud. Marsellus v. Commissioner,supra;Webb v. Commissioner,supra;Stringer v. Commissioner,84 T.C. 693 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986); see also Rowlee v. Commissioner,80 T.C. 1111 (1983); Grosshandler v. Commissioner,75 T.C. 1 (1980). Respondent has established that an underpayment exists for each of the years for which the fraud addition is determined, that petitioner filed no returns for those years, and that petitioner failed to cooperate with respondent's agent during respondent's investigation of petitioner. This evidence however, is not clear and convincing evidence of any fraud. Respondent argues that petitioner knowingly signed and filed a false W-4 Form with his employer. There is no evidence in the record, however, that petitioner incurred any tax liability for the year in which he signed the form -- 1974. [5] For subsequent *171 years, the City and County of San Francisco in fact withheld some Federal, state and FICA taxes from petitioner's wages for the years 1977, 1978 and 1979. Further, there is no evidence that petitioner himself wrote the words "Tax E On File, No Tax Liability" on the 1974 W-4 form or signed the form with those words upon it. The Form W-4 is not an indicia of fraud in this case. Respondent argues further that petitioner was involved in the tax protestor movement, evidenced by petitioner's receipt of literature from various "tax protestor" groups. While petitioner has indeed adopted the traditional frivolous arguments commonly advanced by "tax protestors," namely, that the Federal tax laws violated the Constitutional and civil rights of the individual, we find that respondent failed to link petitioner's beliefs to specific acts or activity which would indicate an intent to evade fraudulently *172 the payment of Federal tax known or believed to be owing. Therefore, we conclude that respondent has failed to establish by clear and convincing evidence that petitioner is liable for additions to tax for fraud pursuant to section 6653(b). Respondent pleads in the alternative that petitioner is liable for additions to tax for negligence pursuant to section 6653(a). Respondent raised this issue in his answer, and therefore bears the burden of establishing by a preponderance of the evidence that some part of petitioner's underpayment is due to negligence or intentional disregard of rules or regulations. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner failed to file tax returns for any of the years at issue while earning substantial sums of income, and failed to cooperate with respondent in any manner during respondent's investigation of petitioner. We conclude that petitioner's underpayments for each of the years at issue were due to negligence within the meaning of section 6653(a). To reflect the foregoing, Decision will be entered pursuant to Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩
2. All of respondent's changes in recomputing the deficiencies in petitioner's Federal income tax and additions to tax pursuant to section 6654, discussed below, result in deficiencies and additions to tax in amounts lower than those determined in respondent's original notice of deficiency for each of the years at issue. Therefore, the burden of proof on these issues is not on respondent. See Rule 142(a), Tax Court Rules of Practice and Procedure.↩
3. Community property is all property, not defined as separate property, which is acquired by the husband and wife during their marriage. Community property income is divided equally between husband and wife. See United States v. Malcolm,282 U.S. 792 (1931); Edwards v. Commissioner,680 F.2d 1268↩ (9th Cir. 1982).
4. In the statutory notice of deficiency issued in this case respondent attributed to petitioner 100 percent of the income earned by petitioner and 50 percent of the income earned by Diane Cookston. At trial respondent revised his calculations, attributing as income to petitioner 50 percent of all the income earned by himself and by Diane Cookston. Respondent allowed petitioner 50 percent of all allowable deductions, credits and withholding. The figures include respondent's determination of Federal income and self-employment tax, and have been reduced by amounts withheld from petitioner's wages.↩
5. Diane Cookston testified at trial that she believed a court judgment in 1981 required petitioner and Diane Cookston to pay approximately $10,000.00 from a joint account in taxes and additions for the years 1974 and 1975. We find her testimony on this point to be vague and inconclusive.↩