T.C. Memo. 1997-266

UNITED STATES TAX COURT

DAVID J. WIERDSMA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8841-96.                    Filed June 12, 1997.

David J. Wierdsma, pro se.

<u>Marion T. Robus</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


POWELL, <u>Special Trial Judge</u>:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]    All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

| Year | Deficiency | Additions to Tax | |
|------|-----------|------------------|----------|
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1993 | $3,616 | $807 | $132 |
| 1994 | 3,359 | 754 | 154 |

Petitioner resided in Fremont, California, at the time he filed his petition.

After concessions,[2] the issues are: (1) Whether petitioner is liable for the asserted deficiencies and additions to tax, and (2) whether this Court should impose a penalty upon petitioner pursuant to section 6673(a)(1).

## FINDINGS OF FACT

In the notice of deficiency, respondent determined that petitioner failed to file Federal income tax returns for the taxable years 1993 and 1994 and failed to report wages and allocated tip income for those years as reflected on Forms W-2 issued by the Edward Thomas Hospitality Corp. In addition to the

---

[2] Respondent concedes that the statutory notice of deficiency should not have included adjustments for the employee's portion of tax for old-age, survivors, and disability insurance and hospital insurance (FICA tax) imposed by sec. 3101(a) and (b), and that the deficiencies and additions to tax must be adjusted accordingly. Thus, the amounts in dispute are as follows:

| Year | Deficiency | Additions to Tax | |
|------|-----------|------------------|----------|
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1993 | $2,471 | $520 | $86 |
| 1994 | 2,284 | 485 | 97 |

resulting deficiencies and additions to tax, respondent orally moved that a penalty be imposed upon petitioner pursuant to section 6673(a)(1).  Petitioner has presented no evidence to refute respondent's determinations and has refused to testify, asserting the privilege under the Fifth Amendment.[3]

## OPINION

Section 61(a) defines gross income broadly as "all income from whatever source derived".  Gross income specifically includes compensation for services.  Sec. 61(a)(1).  Furthermore, respondent's determinations are presumed correct, and petitioner bears the burden of proving that those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

In his post-trial memorandum petitioner contends that, because respondent has conceded the issue concerning FICA taxes, the burden of proof rests on respondent to show that no other portion of the deficiency determinations is based on FICA taxes. Even assuming arguendo that petitioner's contention constitutes a correct statement of the law, the notice of deficiency plainly attributes the remainder of the deficiencies to petitioner's failure to report his wages and tips for income tax purposes.

---

[3]    We need not decide whether petitioner has properly asserted the Fifth Amendment privilege as he has not otherwise met his burden of proof.  See Petzoldt v. Commissioner, 92 T.C. 661, 684-685 (1989); cf. Edwards v. Commissioner, 680 F.2d 1268 (9th Cir. 1982).

Thus, we reject petitioner's argument. Consequently, and in light of the fact that petitioner has not introduced any evidence to show that respondent's determinations are erroneous, we find for respondent with respect to the deficiencies. Rule 142(a).

Respondent also determined that petitioner is liable for additions to tax pursuant to sections 6651(a)(1) and 6654 for the taxable years 1993 and 1994. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return, unless the taxpayer establishes that the failure did not result from "willful neglect" and that the failure was due to "reasonable cause". Section 6654 imposes an addition to tax on individuals for any underpayment of estimated tax. Petitioner has made no argument and presented no evidence concerning these additions to tax. Accordingly, we hold for respondent with respect to the additions to tax. Rule 142(a).

As a final matter, we consider whether this Court should award a penalty to the United States under section 6673. Section 6673 grants this Court discretion to award the United States a penalty not to exceed $25,000 at the expense of a taxpayer who, in the opinion of this Court, maintains a proceeding primarily for delay or adopts a position in such a proceeding that is frivolous or groundless. In his amended petition, petitioner presented tax protester arguments that can only be categorized as frivolous. Petitioner, however, while less than the model

litigant, generally refrained from urging those arguments in his post-trial memorandum.  Moreover, respondent has conceded error in the notice of deficiency with respect to the employment tax determinations.  Therefore, we decline to impose a penalty in this case, and respondent's oral motion will be denied.  In so doing, we caution petitioner that future assertions of such groundless arguments will result in substantial penalties pursuant to section 6673.

To reflect respondent's concessions,

<u>An appropriate order</u>

<u>and decision will be entered.</u>