T.C. Memo. 2010-229

UNITED STATES TAX COURT

THOMAS F. HALE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17754-08.                    Filed October 20, 2010.

Thomas F. Hale, pro se.

<u>R. Craig Schneider</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  By notice of deficiency (the notice),
respondent has determined deficiencies in, and accuracy-related
penalties with respect to, petitioner's Federal income tax as
follows:

|       |            | Penalty      |
| Year  | Deficiency | Sec. 6662(a) |
|-------|------------|--------------|
| 2003  | $17,994    | $3,599       |
| 2004  | 19,240     | 3,848        |
| 2005  | 23,216     | 3,568        |

The issues for decision are whether, for those years, petitioner: (1) Underreported his gross income; (2) overstated his deductions; and (3) is liable for the accuracy-related penalties.

Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all amounts to the nearest dollar. Petitioner bears the burden of proof. See Rule 142(a)(1).[1]

## Background

Some facts are stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference.

Petitioner resided in Idaho at the time he filed the petition (and the amended petition) in this case.

---

[1]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. We conclude that sec. 7491(a) does not apply because petitioner has not produced any evidence that he has satisfied the preconditions for its application.

During the years in issue, petitioner was a European history professor at Idaho State University, from which he received wages; was an attorney operating a legal clinic for low-income clients, from whom he received fees; and he owned three rental properties, for which he received rents.  During 2005, he received interest income.

Petitioner filed Federal income tax returns for the years in issue, reporting tax liabilities of $76, zero, and zero for those years, respectively.  Respondent examined those returns and determined a deficiency in tax for each year principally on the grounds that petitioner had underreported his taxable income by omitting items of business and rental income and by claiming deductions for business and rental expenses that he could not substantiate.  Respondent also determined a section 6662(a) accuracy-related penalty for each year, asserting that petitioner had underpayments "attributable to substantial [understatements] of income tax" and had shown neither reasonable cause for the underpayments nor that he acted in good faith.

Petitioner assigned error to respondent's disallowance of the claimed deductions, arguing that he had offered canceled checks, receipts, and invoices in support of those deductions. Although petitioner failed in the petition or the amended petition (without distinction, petition) to assign error to respondent's adjustments increasing his gross income, he claimed

at trial that he accurately reported all of his income, and we shall treat that issue as if raised in the petition. See Rule 41(b)(1). The section 6662(a) penalty is also before us.

At trial, petitioner introduced into evidence approximately 317 pages of uncategorized photocopies of receipts, canceled checks, invoices, and similar documents. He also offered copies of Federal and State tax returns that he had submitted to respondent during respondent's examination. He made no attempt to tie that evidence to respondent's adjustments underlying the deficiencies in question. At the conclusion of the trial, we set a schedule for briefing and provided petitioner with detailed instructions as to the form and content of briefs, directing him to Rule 151(e), which addresses that subject. In particular, we cautioned him to set forth in response to each adjustment made by respondent the facts in evidence that he believed supported his claim that respondent erred in making that adjustment. Petitioner failed to file any brief.

## Discussion

### I. Deficiencies in Tax

We can dispose summarily of petitioner's assignment of error to respondent's determinations of deficiencies in tax. We have no question of substantive tax law before us; we have only factual questions of whether petitioner failed to report all of his items of gross income and can substantiate his deductions.

As stated, petitioner bears the burden of proof, which he must carry by a preponderance of the evidence.[2]  See <u>Merkel v.</u>

_____

[2]This case involves unreported income, and barring stipulation to the contrary the venue for appeal is the Court of Appeals for the Ninth Circuit.  See sec. 7482(b)(1)(A), (2).  We are therefore bound by a line of cases of the Court of Appeals for the Ninth Circuit beginning with <u>Weimerskirch v. Commissioner</u>, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), to which we defer in accordance with the doctrine of <u>Golsen v. Commissioner</u>, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971).  E.g., <u>Rodriguez v. Commissioner</u>, T.C. Memo. 2009-92.  The general rule established by that line of cases is that, for the Commissioner to prevail in a case involving unreported income, there must be some evidentiary foundation linking the taxpayer with the alleged income-producing activity.  See <u>Weimerskirch v. Commissioner</u>, <u>supra</u> at 362.  Although <u>Weimerskirch</u> dealt specifically with illegal unreported income, it is now well established that the Court of Appeals for the Ninth Circuit applies the <u>Weimerskirch</u> rule in all cases of unreported income where the taxpayer challenges the Commissioner's determination on the merits.  E.g., <u>Edwards v. Commissioner</u>, 680 F.2d 1268, 1270 (9th Cir. 1982) (stating, in a case involving unreported income from an income-generating auto repair business owned by the taxpayer:  "We note, however, that the Commissioner's assertion of deficiencies are presumptively correct once some substantive evidence is introduced demonstrating that the taxpayer received unreported income. <u>Weimerskirch v. Commissioner</u>, 596 F.2d 358, 360 (9th Cir. 1979)."); <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 689 (1989) ("the Ninth Circuit requires that respondent come forward with substantive evidence establishing a 'minimal evidentiary foundation' in all cases involving the receipt of unreported income to preserve the statutory notice's presumption of correctness").  At trial, petitioner testified that, for each year in issue, he received wages from Idaho State University, fees for his legal representation of low-income clients, and rents from his rental properties.  He reported some interest income on his 2005 Federal income tax return.  Receipts of the types enumerated are items of gross income, see sec. 61(a), and the omission of receipts of those types forms the basis for respondent's adjustments increasing petitioner's gross income.  Respondent has, therefore, met his burden of showing sources for his adjustments increasing petitioner's gross income, and the burden of proof is on petitioner.

<u>Commissioner</u>, 109 T.C. 463, 476 (1997), affd. 192 F.3d 844 (9th Cir. 1999). "A tax return is not evidence of the truth of the facts stated in it." <u>Taylor v. Commissioner</u>, T.C. Memo. 2009-235 (citing <u>Lawinger v. Commissioner</u>, 103 T.C. 428, 438 (1994)). In support of his claim that his only income was what he reported on his return and he has adequately substantiated all of his deductions, petitioner offers us what amounts in effect to a shoebox full of papers. Petitioner has ignored our specific instructions that he link his evidence to respondent's adjustments. We need not (and shall not) undertake the task of sorting through the voluminous evidence petitioner has provided in an attempt to see what is, and what is not, adequate substantiation of the items on petitioner's returns.[3] Petitioner has failed to carry his burden of proving that respondent erred in determining the deficiencies in issue. See <u>Patterson v. Commissioner</u>, T.C. Memo. 1979-362 (in determining that the taxpayer failed to carry his burden of proving trade or business items, we stated: "Petitioner has chosen to rely on what may be termed the 'shoebox method' of attaching photocopies of numerous cash register tapes and of similar bits of paper to his returns,

---

[3]Petitioner offered approximately 317 uncategorized and unorganized pages of evidence, consisting of: 394 meal and travel receipts; 51 invoices listing rental expenses; a 15-page spreadsheet with 493 entries of advertising purchases; 59 pages of respondent's handwritten notes as to already allowed expenses; and a Deed of Gift.

without making any effort on the returns or on brief, and only a slight effort in oral testimony, to link any item to a deductible trade or business expense transaction.").

II. Accuracy-Related Penalty

Section 6662 imposes a penalty equal to 20 percent of the portion of any underpayment which is attributable to, among other things, a substantial understatement of income tax. Sec. 6662(a) and (b)(2). An understatement of income tax is deemed substantial if it exceeds the greater of: (1) 10 percent of the tax required to be shown on the return for the taxable year, or (2) $5,000. Sec. 6662(d)(1)(A). For those purposes, the amount of an understatement is reduced to the extent it is attributable to a position: (1) For which there is substantial authority, or (2) which the taxpayer adequately disclosed on his return and for which there is a reasonable basis. Sec. 6662(d)(2)(B). In addition, the section 6662 penalty does not apply to the extent the taxpayer can show that there was reasonable cause for the underpayment and that he acted in good faith with respect thereto. Sec. 6664(c)(1).

Giving effect to respondent's adjustments in the notice, petitioner's underpayments are $17,994, $19,240, and $17,841 for 2003, 2004, and 2005, respectively.[4] The taxes required to be

---

[4]Taking into account an understatement of prepayment credits of $5,375 for 2005.

shown on petitioner's returns were $18,070, $19,240, and $23,216 for those years, respectively. Since petitioner's understatements exceed 10 percent of the tax required to be shown on the returns-- $1,807 in 2003, $1,924 in 2004, and $2,322 in 2005--those understatements are substantial within the meaning of section 6662(d)(1)(A).

Respondent bears the burden of production with respect to the section 6662(a) penalty. See sec. 7491(c). We have previously stated that the "burden imposed by section 7491(c) is only to come forward with evidence regarding the appropriateness of applying a particular addition to tax or penalty to the taxpayer." Good v. Commissioner, T.C. Memo. 2008-245. Respondent has satisfied his burden of production. Nevertheless, the accuracy-related penalty specified by section 6662(a) is not imposed with respect to any portion of the underpayment as to which the taxpayer has acted with reasonable cause and good faith. Sec. 6664(c)(1). The taxpayer bears the burden of proving his entitlement to section 6664(c)(1) relief. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioner did not at trial specifically address the section 6662 penalty, and our examination of the evidence before us fails to demonstrate that petitioner acted with reasonable cause and good faith. Petitioner has failed to carry his burden of showing his entitlement to any relief from the penalty, and we shall sustain it.

III.  <u>Conclusion</u>

    For the foregoing reasons,

<u>Decision will be entered</u>

<u>for respondent</u>.