T.C. Memo. 2005-19

UNITED STATES TAX COURT

TONY MALFATTI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17616-03.                    Filed February 8, 2005.

Tony Malfatti, pro se.

<u>Rebecca Duewer-Grenville</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined deficiencies in and
additions to petitioner's Federal income tax as follows:

|      |            | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
|------|------------|-----------------|--------------|
| 1998 | $9,161     | $2,223.00       | $405.52      |
| 1999 | 8,741      | 2,185.25        | 423.01       |
| 2000 | 2,887      | 721.75          | 154.24       |
| 2001 | 1,187      | 296.75          | --           |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner petitioned the Court to redetermine the deficiencies and additions to tax.[1]  We must decide whether:  (1) Petitioner had unreported income in the amounts determined by respondent for 1998, 1999, 2000, and 2001; (2) petitioner is liable for the section 6651(a) addition to tax for 1998, 1999, 2000, and 2001; (3) petitioner is liable for the section 6654(a) addition to tax for 1998, 1999, and 2000; and (4) whether to impose a penalty pursuant to section 6673(a).

                         FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time he filed the petition, petitioner resided in Oakland, California.

Petitioner did not file tax returns for 1998, 1999, 2000, and 2001.  Petitioner received total income of $38,863, $42,486, $23,806, and $16,830, in 1998, 1999, 2000, and 2001, respectively.  Respondent received information from third parties

_____

[1]  Petitioner also alleged that the deficiencies/liabilities determined by respondent are excise taxes.

(The Gus Team, Have-a-Party Productions, Johnny B. Soroka, Randall L. Biagi, Bay Area Motorcycle Training, Earl Heckscher Orchestra, Kellco Training Institute, Debs Motorcycle Training, James Labarbera, Hornblower Yachts, Joel Nelson Productions, Bonnie Kellogg/Two Wheel Safety, and Mark William Lytal) reporting that petitioner received the aforementioned income during the years in issue. No Federal income tax was withheld from the aforementioned income.

Petitioner did not cooperate with respondent at any time during the administrative or judicial process. Petitioner failed to meet with or to provide respondent with any information that would have enabled respondent to properly determine petitioner's tax liability.

OPINION

A.  Burden of Proof

Generally, respondent's deficiency determinations set forth in the notices of deficiency are presumed correct, and petitioner bears the burden of showing the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). There are exceptions to this rule.

Section 7491(a) shifts the burden of proof to the Commissioner with respect to a factual issue affecting the tax liability of a taxpayer who meets certain preliminary conditions. Petitioner failed to cooperate with respondent and did not

produce any credible evidence with respect to any matter in this case.  See sec. 7491(a).  Furthermore, petitioner did not claim that section 7491(a) applies.  Accordingly, section 7491(a) does not apply in this case.

Section 6201(d) provides that if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return filed with the Secretary by a third party and the taxpayer has fully cooperated with the Secretary, the Secretary shall have the burden of producing reasonable and probative information concerning such deficiency in addition to such information return.  As noted supra, petitioner failed to cooperate with respondent.  Accordingly, section 6201(d) does not apply in this case.

Additionally, the U.S. Court of Appeals for the Ninth Circuit (to which an appeal would normally lie) has held that in order for the presumption of correctness to attach to the notice of deficiency in unreported income cases,[2] the Commissioner must establish "some evidentiary foundation" linking the taxpayer to the income-producing activity, Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), or

---

[2] Although Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), was an unreported income case regarding illegal source income, the U.S. Court of Appeals for the Ninth Circuit applies the Weimerskirch rule in all cases involving the receipt of unreported income.  See Edwards v. Commissioner, 680 F.2d 1268, 1270-1271 (9th Cir. 1982); Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989).

"demonstrating that the taxpayer received unreported income", Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982); see also Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985). Once there is evidence of actual receipt of funds by the taxpayer, the taxpayer has the burden of proving that all or part of those funds are not taxable. Tokarski v. Commissioner, 87 T.C. 74 (1986).

There is ample evidence, including petitioner's admissions, linking petitioner to several income-producing activities--he worked as a musician, mechanic, and motorcycle instructor during the years in issue. At trial, respondent submitted Forms W-2, Wage and Tax Statement, Forms 1099-MISC, Miscellaneous Income, employer records, and the testimony of several of petitioner's employers as to the validity of these underlying documents. The witnesses also testified that they paid petitioner income during the years in issue. Respondent satisfied his Weimerskirch obligation, and petitioner bears the burden of proving respondent's determinations are in error.

B.   Deficiencies

Petitioner alleged that he did not receive the income determined by respondent. Petitioner relies on his own testimony. The Court is not required to accept petitioner's unsubstantiated testimony. See Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964).

Petitioner was not credible. His testimony was questionable in certain material respects, and under the circumstances presented here, we are not required to, and generally do not, rely on petitioner's testimony to sustain his burden of establishing error in respondent's determinations. See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, supra at 77. Accordingly, we sustain respondent's determination regarding the unreported income for all the years.

C.  Additions to Tax

Section 7491(c) requires that respondent bear the burden of production regarding additions to tax. To meet this burden, respondent must present evidence indicating that it is appropriate to impose the addition to tax. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect. Petitioner admitted he did not file tax returns for 1998, 1999, 2000, and 2001. Thus, respondent satisfied his burden of production.

Contrary to his assertions, petitioner was required to file Federal income tax returns for each of the years in issue because his income exceeded the maximum amount exempt from filing in each of the taxable years. Secs. 6012, 6072. Petitioner offered no evidence that his failure to timely file was due to reasonable cause and not due to willful neglect. We conclude that petitioner is liable for an addition to tax pursuant to section 6651(a)(1).

Section 6654 imposes an addition to tax for failure to pay estimated income tax. Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, Forms W-2, Forms 1099, and the testimony of petitioner's employers establish that petitioner failed to pay the required estimated tax for 1998, 1999, and 2000. We conclude that respondent satisfied his burden of production regarding this issue.

Petitioner presented no evidence that he is not liable for this addition to tax for any of the years in issue. Accordingly, we hold that petitioner is liable for the addition to tax pursuant to section 6654(a).

D. Penalty Pursuant to Section 6673(a)

Respondent filed a motion asking the Court to impose a penalty pursuant to section 6673(a). Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took

frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay.

In the petition, petitioner alleged that the deficiencies determined by respondent are excise taxes. This argument is frivolous and groundless.

At trial, petitioner mainly objected to the admission of any evidence that tended to prove that he earned income during the years in issue and sought to impugn the integrity of his former employers by implying that they overstated the income they paid him in order to obtain a fraudulently higher deduction (for compensation paid) on their own tax returns. He feigned lack of memory regarding his earnings during the years in issue even though he admitted working for all the employers who were called as witnesses and that he was paid for services he rendered to those employers. Furthermore, in a home loan application petitioner signed in 2001, petitioner listed his monthly income as $9,625.

Petitioner established his pattern of delay early on when he failed to cooperate with respondent. Petitioner failed to meet with or to provide respondent with any information that would have enabled respondent to properly determine petitioner's tax liability or resolve this case without trial. Furthermore, after asking the Court for additional briefing time at the conclusion of the trial, petitioner failed to file any posttrial briefs. We

conclude that petitioner instituted and maintained this proceeding primarily for delay.

Accordingly, we hold that petitioner is liable for a $15,000 penalty pursuant to section 6673(a).

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit. To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.