T.C. Memo. 2006-68


UNITED STATES TAX COURT


DANIEL C. McMANUS, Petitioner <u>v</u>. COMMISSIONER OF INTERNAL
REVENUE, Respondent


Docket Nos. 12336-04, 12711-04.     Filed April 10, 2006.


<u>Philip A. Putman</u>, for petitioner.

<u>Monica Gingras</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income taxes for 2001 and 2002 (years at
issue) of $39,799 and $21,789, respectively, as well as additions
to tax under section 6651(a)(1) of $9,949 and $5,447, and

additions to tax under section 6654 of $1,590 and $728, respectively.[1]

The issues for decision are: (1) Whether petitioner failed to report income of $113,469 and $68,233 for 2001 and 2002, respectively; and (2) whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6654.

FINDINGS OF FACT

Petitioner resided in La Habra, California, when he filed the petitions.

During the years at issue, petitioner was an insurance salesperson licensed by the California Department of Insurance. Petitioner entered into agency agreements with various insurance companies. Under these agency agreements petitioner worked as an independent contractor, soliciting applications for long-term health care insurance.

On April 23, 1999, petitioner entered into an agency agreement with Bankers United Life Assurance Co. (Bankers United) designating him a contracting insurance agent.[2] Pursuant to the agreement, petitioner sold long-term convalescent care insurance coverage for Bankers United. Bankers United assigned petitioner

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Amounts are rounded to the nearest dollar.

[2] Bankers United merged into Life Investors Insurance Co. of America on Dec. 31, 2001.

two sales agent numbers and created a monthly account analysis under each of petitioner's agent numbers showing the account activity. Each monthly account analysis reflects entries for the policies petitioner sold as an agent for Bankers United. Bankers United paid commissions via monthly checks based on the policies petitioner sold.

On May 13, 1999, petitioner entered into an "Assignment of Commissions" contract, whereby he assigned to Salt Creek Services all interest in his commissions due from Bankers United. Petitioner signed the "Assignment of Commissions" as both assignor and assignee. Pursuant to petitioner's request, Bankers United paid his commission checks to Salt Creek Services. Petitioner claimed Salt Creek Services was an irrevocable family trust, an ongoing business, and his employer.

Bankers United marked the checks as commission payments on the monthly account analysis. Bankers United printed out the commission checks and manually compared them to the monthly account analysis to verify accuracy. The checks and monthly account analysis statements were then mailed out together to Salt Creek Services.[3]

Bankers United filed a Form 1099-MISC, Miscellaneous Income, reporting petitioner earned commissions totaling $113,469 in 2001

---

[3] However, some of the commissions from Bankers United, for the years at issue, on policies sold by petitioner were made payable to the State of California Franchise Tax Board.

and $52,871 in 2002 as an agent for Bankers United.[4] In addition, respondent asserted four other insurance companies reported petitioner was paid total commissions of $15,362 in 2002.[5]

Petitioner failed to file Federal income tax returns and failed to pay Federal income taxes for the years at issue. Using third-party information returns, on April 21, 2004, respondent issued separate notices of deficiency to petitioner for the years at issue, setting forth unreported income of $113,469 and $68,233, respectively, together with Federal income tax liabilities of $39,799 and $21,789, respectively, as well as additions to tax under section 6651(a)(1) of $9,949 and $5,447, and additions to tax under section 6654(a) of $1,590 and $728, respectively.

Petitioner timely filed petitions regarding his 2001 and 2002 deficiencies on July 15 and July 19, 2004, respectively. These cases were consolidated on February 11, 2005, for briefing, trial, and opinion. Trial was held on this matter on March 17,

---

[4] The commissions for 2001 were reflected by Bankers United as follows: $70,304.52 (agent No. 58AG93 earnings) + $192.88 (agent No. 58AG93 renewals) + $26,882.90 (agent No. 58V384 earnings) + $16,088.89 (agent No. 58V384 renewals) = $113,469.19

[5] The Form 4549, Income Tax Examination Changes, for 2002 reflected that petitioner received commissions of $1,826 from New York Life Insurance Co., $6,414 from John Hancock Life Insurance Co., $4,829 from GE Capital Insurance, and $2,293 from Continental Casualty Co.

2005.  Although petitioner did not appear, petitioner's counsel did.  Petitioner's counsel did not introduce witnesses or provide documentary evidence in support of petitioner's position.

OPINION

Petitioner asserts he is not liable for the deficiency and additions to tax respondent determined because:  (1) Petitioner did not receive income in the years at issue because he assigned the income to a trust; (2) respondent failed to meet the burden of producing evidence that the income earned during the years at issue was attributable to petitioner; (3) respondent failed to meet the burden of producing evidence that petitioner is liable for additions to tax; and (4) the person who issued the notices of deficiency lacked delegated authority.

A.  Assignment of Income

Petitioner asserts he did not earn the commissions paid by Bankers United for the years at issue because he assigned all his commissions to Salt Creek Services.  Section 61(a) defines gross income for purposes of calculating taxable income as "all income from whatever source derived".  This broad definition includes "Compensation for services, including fees, commissions, fringe benefits, and similar items".  Sec. 61(a)(1); sec. 1.61-2(a)(1), Income Tax Regs.  One of the fundamental principles of the Federal income tax is that income must be taxed to the one who earns it.  Lucas v. Earl, 281 U.S. 111 (1930).  Attempts to

subvert this principle by deflecting income away from its true earner to another entity through contractual arrangements, however drafted, are not recognized as dispositive for Federal income tax purposes.  Id. at 114-115; Vercio v. Commissioner, 73 T.C. 1246, 1253 (1980).  The Supreme Court has referred to this assignment of income rule as "the first principle of income taxation", Commissioner v. Culbertson, 337 U.S. 733, 739 (1949), and "a cornerstone of our graduated income tax system", United States v. Basye, 410 U.S. 441, 450 (1973).

Petitioner does not dispute that the amount paid to Salt Creek Services for work performed must be taxed to the earner of the income.  Instead, petitioner asserts that for tax purposes, Salt Creek Services should be considered to have earned the income (i.e., was the "true earner" of the income) for the years at issue because of the assignment.  However, petitioner, not Salt Creek Services, was entitled to receive the commissions from Bankers United.  The agency agreement was between petitioner and Bankers United.  Moreover, the record does not contain any evidence showing an agreement existed between petitioner and Salt Creek Services.  Lastly, outside of his assertions, petitioner produced no evidence showing Salt Creek Services actually existed.

Accordingly, the Court concludes the assignment to Salt Creek Services was ineffectual to shift the tax burden away from

petitioner. The total amount paid to Salt Creek Services in consideration for petitioner's personal services is includable in his gross income.

B. Burdens of Production and Proof

1. Section 6201(d)

If a taxpayer asserts a reasonable dispute with respect to any item of income reported on a third-party information return and the taxpayer has fully cooperated with the Secretary, the Secretary has the burden of producing reasonable and probative information concerning that deficiency in addition to the information return. Sec. 6201(d).

Petitioner did not assert any reasonable dispute with respect to income reported by the third-party payors. Petitioner did not testify at trial, called no witnesses, and produced no relevant evidence. Therefore, the Court concludes respondent does not have the burden of production under section 6201(d).

2. Determination in Unreported Income Cases

The Court of Appeals for the Ninth Circuit has determined that in order for the presumption of correctness to attach to the deficiency determination in unreported income cases, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity, Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), or demonstrate the taxpayer

received unreported income, Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982); see Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989).

There is an evidentiary foundation connecting petitioner with an income-producing activity.  The Court finds that petitioner was an insurance agent during the years at issue and received commission income from insurance companies.

Petitioner bears the burden of proving that respondent's determinations are incorrect.  See Rule 142(a).  Petitioner provided no evidence to dispute respondent's determination of petitioner's receipt of income for the years at issue. Therefore, the Court concludes petitioner received taxable income of $113,469 and $68,233 in 2001 and 2002, respectively.

C.   Additions to Tax

Pursuant to section 7491(c), the Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amounts.  The burden of production requires the Commissioner only to come forward with sufficient evidence indicating it is appropriate to impose additions to tax.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioner did not file returns for the years at issue, and he did not make estimated tax payments with respect to his tax liabilities for those years.  There is no evidence that petitioner paid any tax for the years at issue.  Thus, respondent

has met the burden of production, and petitioner is liable for an addition to tax for failure to file under section 6651(a)(1) of $9,949 and $5,447 for 2001 and 2002, respectively, and an addition to tax under section 6654 for failure to pay estimated tax of $1,590 and $728 for 2001 and 2002, respectively.

D.    Delegated Authority

As a final argument, petitioner asserts that the person who issued the notice of deficiency for the years at issue lacked proper authority.  It is well settled the Secretary or his delegate may issue notices of deficiency.  Secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i); see Pendola v. Commissioner, 50 T.C. 509, 512-514 (1968).  For these reasons and petitioner's failure to provide authority to the contrary, the Court finds petitioner's argument is without merit.

The Court, in reaching its holding, has considered all arguments made and concludes that any arguments not mentioned above are moot, irrelevant, or without merit.

To reflect the foregoing,

Decisions will be entered

for respondent.